#### FOR THE

### COUNTY OF CALEDONIA.

#### MAY TERM, 1849.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. MILO L. BENNETT, } ASSISTANT JUDGES.
HON. LUKE P. POLAND,

---

### STATE *v.* ROBERT McKOWN.

If the probate court remove a guardian, as being an unsuitable person to discharge the duties of the trust, and appoint another person in his place, who gives the necessary bond, the powers of the person removed, as guardian, immediately cease, notwithstanding he may appeal from the decree removing him. An appeal, in such case, does not vacate the decree appealed from, but the custody and control of the ward and estate properly belong to the new guardian, until restored to the former guardian by a decision of the appeal in his favor, or determined in some other way.

INFORMATION for an assault and battery upon one Russell Clark. Plea, not guilty, and trial by jury, December Term, 1848,—POLAND, J., presiding.

On trial the facts were proved to be as follows. The respondent, on the sixth day of December, 1845, was, by the probate court for the district of Caledonia,' duly appointed guardian of Clarissa McKown and several other minor children of Henry McKown, deceased, and gave bonds as such, in due form of law. Subsequently, on the first day of June, 1846, the respondent was duly removed, by the probate court, from the guardianship, on account of his being an unsuitable person to act as guardian, and John Harvey was duly appointed guardian in his place, and gave bond in due form of law, and assumed the trust and took the care and custody of the wards. The respondent appealed from the decree of the probate court, removing him from the guardianship, which appeal was duly entered in the county court, and is still pending. Harvey, immediately upon his appointment, placed Clarissa McKown under the care and in the family of the said Russell Clark, where she lived until some time in July, or August, when the respondent went on to the premises of Clark and claimed the custody of the said Clarissa, as being her guardian. Clark forbade his taking the girl away; upon which the respondent undertook forcibly to remove her, and, upon Clark's interfering to prevent his so doing, he committed an assault and battery upon Clark,—but not of an aggravated character.

The counsel for the respondent requested the court to charge the jury, that the respondent was legally entitled to the custody of the said Clarissa and had the right to use force sufficient to take her away from Clark, if he refused to surrender the custody of her voluntarily. But the court instructed the jury, that the respondent was not legally entitled to the custody of the said Clarissa, and that, if he undertook to forcibly take her away from Clark, and in so doing used violence upon the person of Clark, he was guilty of an assault and battery. The jury found the respondent guilty. Exceptions by respondent.

———— for respondent.

The respondent contends, that the appeal from the decree of the probate court vacated the decree, and that, until the same is affirmed in the county court, he is the legal guardian of the children. This is in analogy to all the principles of the common law courts, and,

if not applicable to the judgments and decrees of the court of probate, then it follows, that such judgments and decrees, though appealed from, are to be conclusive, until reversed in the appellate court. But it has been held, that an appeal from the commissioners, allowing a claim, and the acceptance thereof by the probate court, vacates the judgment allowing the debt. *Probate Court* v. *Rogers et al.*, 7 Vt. 198. If an appeal from the decision of the probate court does not vacate, or affect, the decree appealed from, then that section of the statute,—Rev. St. c. 44, § 34,—which provides, that, if the person appealing from the probate court shall neglect to enter his appeal, the court, to which the appeal is taken, " shall affirm the proceedings appealed from," is wholly useless ; for it would be needless to affirm a judgment, which had ever continued in full force.

*B. N. Davis*, state's attorney.

The care of minor children, with their property, is placed by the law under the discretion of the probate court ; and until it is determined, by higher authority, that that court have erred, their decrees are binding.

The opinion of the court was delivered by

POLAND, J.  This case presents for decision this question,—Where a guardian of a minor child is removed by the probate court for unsuitableness, and another appointed guardian in his stead, and the first guardian appeals from the decree removing himself from the trust, which of the guardians is entitled to the custody of the ward and property during the pendency of the appeal ? So far as we know, the question has not before been brought before this court for decision and is now for the first time to be settled ; and as the question is one of some practical importance, we have endeavored to give it as much examination, as our time and opportunities would permit.

It is urged by the counsel for the respondent that, by analogy to appeals from the judgments of justices of the peace to the county court, and of reviews from judgments, rendered in the county court, to a subsequent term of the same court, (where the settled doctrine is, that such appeal, or review, operates to wholly vacate and render

64

inoperative such previous judgment,) the appeal in the case at bar operated to vacate the decree of the probate court, removing the respondent from his trust as guardian, and so left him in the full possession of all his rights, as guardian, and possessing all the powers which he had before the decree was made.

In the case of an appeal from the judgment of a justice of the peace, or a review from a judgment of the county court, the appeal, or review, must be entered at the very time, or term, when such judgment was rendered, and before such judgment has any active legal operation, and before any thing can be done under it, by way of enforcing its execution. The provisions of our law, in relation to the appointment and removal of guardians of minor children, and of appeals from the decisions of the probate court in appointing and removing them, are wholly different. When the probate court remove a guardian, his powers and duties immediately cease, and the probate court may instantly proceed to appoint another, whose powers and duties immediately commence. He may give bonds and assume the custody and control of the person and estate of his ward, as soon as he is appointed. The decrees of the probate court have thus gone fully into effect and operation; but still the first guardian, if he feel aggrieved by the decree, may enter his appeal within the period of twenty days. Shall this appeal from the decree of removal have given to it the effect, not only to vacate the decree of removal, but the farther effect, to take away and vacate the rights acquired by the new guardian, and revest the old guardian with his former power and authority. It appears to us that to hold such to be the effect would be productive of great mischief and confusion, and that the analogy between a case of this kind and of appeals and reviews in ordinary suits at law is too slight, to require us to come to any such conclusion.

We have also endeavored to examine the practical effect of a decision, such as the counsel for the respondent asks us to make ; and we may freely admit, that our views have perhaps been much influenced by this consideration ; and as we consider the question a new one under our statute, we felt entirely at liberty to act upon the result of our conclusions in that view. The nineteenth section of chapter sixty five of our Revised Statutes provides, that "if any guardian shall remove out of this state, or become insane or other-

wise incompetent, or unsuitable, the probate court may remove such guardian," &c., and also provides, that the court may appoint another in his place. Now if we decide, that the respondent in this case, after his removal and the appointment of another in his place, and his appeal taken, was entitled to the custody of the person and estate of his ward, of course such must be the decision in every case of a removal and new appointment of a guardian, even when the first guardian has become insane, or otherwise grossly unsuitable, and is wasting the estate, or even endangering the person of the ward. The right of appeal equally extends to all cases of removal, whatever may be the cause, or however urgent the necessity for it; and to hold that such former guardians are entitled to keep the custody and control of the person and estate of their wards, as long as litigation can be protracted, we think, would lead to very injurious and mischievous results. We think, therefore, that the safer and better rule is, to hold that the right of the first guardian is suspended during the pendency of the appeal, and that the custody and control of the ward and estate properly belongs to the new guardian, until it shall be restored to the former guardian by a decision of the appeal in his favor, or determined in some other way; and we believe, that, in arriving at this conclusion, we are doing no violence to the statute, or to any analogous principle of law. The respondent's exceptions are therefore overruled.