Small *v.* Haskins et al.

---

GEORGE SMALL *v.* LEONARD & J. HASKINS & J. GRACE.

*Trespass quare clausum fregit.    Jurisdiction of a justice for a trespass on the freehold.    Judgment by a Justice of the peace.—— Appeal, the effect of a neglect to prosecute the same.    Payment, under the statute twelve days before court, its effect.    Retraxit. Collateral Estoppels, &c.*

In the action of *trespass quare clausum fregit,* when the title is litigated, and that question adjudicated, and a judgment has been rendered in this form of action, by a court having competent jurisdiction, the judgment will conclude the parties, and operate as an estoppel, if the matter appears on the face of the record; or as evidence conclusive in relation to the title, in any subsequent litigation of that matter between the parties.

Justices of the Peace have jurisdiction in actions for trespass on the freehold, where the matter in demand does not exceed twenty dollars, and have authority to decide upon questions of title, whenever, in this action, the question arises; and the security of parties, in relation to the title of their land, is found in their right of appeal.

If a party commence a suit before a justice, and takes an appeal from the judgment of the justice, and afterwards pays the costs in settlement of the suit, twelve days before the sitting of the county court, and neglects to prosecute the appeal in the appellate court, it will operate as a *retraxit,* " or an open and voluntary renunciation of the suit;" and in such a case it is a bar to any action for the same cause, or duty.    See *Catlin* v. *Taylor et al.,* 18 Vt. 104.

An appeal from the judgment of a justice, vacates and renders the judgment null, and when the judgment of the justice is thus vacated, there is no existing judgment, which will conclude the parties, as a matter of evidence, or which can be relied upon as a matter of estoppel.

And where the plaintiff, in the present suit, had previously commenced a suit, against these defendants, before a justice, for a trespass on the same premises, (this suit being for other trespasses on the said premises,) and appealed from the judgment of the justice, which was adverse to him, and twelve days before the setting of the county court paid the costs in settlement of said suit, *it was held* that the judgment of the justice, having been vacated by the appeal, and never affirmed, or prosecuted to judgment in the appellate court, there had been no adjudication on the question of title to these premises, and no existing judgment, which concludes the parties, as a matter of evidence, for that purpose.

The doctrine of collateral *estoppels* considered and discussed, by CHIEF JUSTICE REDFIELD, in an opinion which follows the opinion of the court, by ISHAM, J. in this case.

TRESPASS *quare clausum fregit.* Plea, the general issue, and trial by jury.

On the trial the plaintiff introduced evidence tending to show, that he had a possessory title to the *locus in quo*, and that the defendants had committed the alleged trespass.

The defendants then gave in evidence a copy of a justice's record, whereby it appeared, that the plaintiff had commenced an action of trespass before said justice, against these defendants and two others, who defended under the title of these defendants, and that such proceedings were therein had that said justice, on the tenth day of July, 1844, rendered a judgment for the defendants in said action for their costs.

It also appeared from the evidence in the case, that the action before said justice was brought to recover damages, for trespasses committed upon the identical land now in dispute, that on the trial before said justice, the title to said land was in question, and that on said trial, the plaintiff after having given evidence tending to prove a possessory title in himself, offered also to show a paper title; but the justice refused to receive any evidence of paper title, on the ground that it was too late for the plaintiff to introduce such evidence, after having elected to put himself upon a possessory title; that the counsel for the plaintiff thereupon declared, that he would no father prosecute his action before said justice, but would appeal to the county court; and the justice rendered judgment for the defendants, upon the ground that the plaintiff had failed to make out a title to the land in dispute; and the plaintiff entered his appeal in due form of law; and that more than twelve days before the term of the county court to which said appeal was

Small *v* Haskins et al.

taken, the plaintiff paid to said justice the amount of the costs allowed the defendants, for their use, and in settlement of the suit; and that said suit was not entered in the county court.

The plaintiff did not claim, that he had acquired any title to the premises subsequent to the justice judgment. And the county court, holding the proceedings in the suit before the justice to be conclusive upon the parties, directed a verdict for the defendants.

Exceptions by plaintiff.

*J. A. Beckwith* for plaintiff.

I. The ruling of the court below stands on *Catlin* v. *Taylor*, 18 Vt. 104; but this case differs from that:

1. *There* was a regular jury trial and verdict on the merits; *here* the merits were not reached at all.

2. *There* the matter was unquestionably within the jurisdiction of the justice; *here* it may be doubted whether the justice had jurisdiction.

The Revised Statutes 170 § 7, it is true, expressly gives jurisdiction to the justice, of "actions of trespass on the free-hold where the sum in demand does not exceed twenty dollars;" but in the same section expressly excludes the justice from jurisdiction of actions "where the title of land is concerned."

These provisions are apparently contradictory; but it is evident that the legislature did not intend to give justices the power of trying titles; they meant to create a law to reach cases of petty depredations on the reality, where the *possession* was injured, and where the title would not be involved; thus saving the expense and delay of litigating in the higher tribunals. And this would seem to be the true reading of the statute, from the history of the legislation on this subject. The exceptions to the jurisdiction, for many years were, " trespass on the free-hold, *and* where the title to land is concerned;" as if the title of land, in their view, was not concerned in the action of trespass on the free-hold.

The contemporaneous legislation points in the same direction; it is sedulous to exclude a justice from interfering with the landed property of the state.

To permit this justice to adjudicate the title to this farm, is therefore to clothe him with power, which the legislature did not contemplate. And our courts have gone to say the least, *passibus*

*aequis,* with our legislature, on this subject as appears from *Whitney* v. *Bowen,* 11 Vt. 250.   *Havens* v. *Needham,* 20 Vt. 183.

22 Vt. 565.   Rule of construction indicated in 19 Vt. 223.

II. It is submitted, whether the authority of *Catlin* v. *Taylor,* ought to be recognized to its full extent, because (1.) the doctrine of that case in effect adds a new provision to the statute, and that to effect an estoppel.   The statute (Rev. Stat. 174 § 49,) no where says that payment of the judgment shall operate as an affirmation of the judgment; but in the succeeding section does provide what, and for what purposes, it shall have such effect.   Is not the rule " *expressio unius* &c." applicable?

(2.) Ought not the rule to be limited to defendants only?   If a defendant pays up damages and costs, he admits both the propriety of the *remedy* and the justice of the *claim;* while a plaintiff, by paying *costs* only, admits nothing but what pertains to the remedy.

(3.) There is also a diversity in cases; a rule of this character applied to rights or incidents of personal property, as in *Catlin* v. *Taylor,* might be productive of trivial consequences, as the justice's sphere is limited; while in cases involving title, take the one at bar, it is impossible to place bounds to the mischief which might ensue.

III. But if the rule must be applied, let the judgment, so called, be conclusive only as to the precise point in issue, and that was not the title, since it appears that that was not only not in issue, but that the Starksboro justice refused to hear any thing about it. Whatever else was decided, it cannot be seriously pretended that the title was adjudicated.

*Barber & Bushnell* and *E. J. Phelps* for defendants.

The plaintiff was not entitled to recover without showing title to the premises.   Because, as the parties owned land adjoining, and the dispute was as to the location of the division line, if the plaintiff had not the title, the defendants had.

The court were right in ruling, that the former recovery was conclusive between the parties, as to the title.   It was a judgment by a court of record, and of competent jurisdiction.   Comp. Stat. Chap. 29 § 20.

It was upon the precise point now in controversy, the title to this land.

That suit was brought to recover for a trespass upon the same land. Upon the trial, the same title now set up by the plaintiff, was in dispute and litigated. And the judgment was rendered upon the ground, that he had failed to establish that title.

It is not claimed, that he has acquired any other or additional title since.

The payment of the judgment, in favor of defendants for their costs, more than twelve days before the term to which the appeal was taken, in pursuance of the statute provision for that purpose, rendered the judgment equally conclusive as though it had been affirmed by the county court. *Catlin* v. *Taylor,* 18 Vt. 104.

The case is, therefore, in all respects within the universally acknowledged principle, that the judgment of a court of competent jurisdiction is conclusive, as evidence between the parties, or their privies, as to any point directly decided or legally to be inferred.

We refer to the leading English and American cases, and to some of the decisions in this state on the subject, as showing the extent and application of the rule. *Duchess of Kingston's case,* 11 State Tr. 261, cited from 2 Smith's Lead. Cas. 435–473 and notes. 1 Starkie Ev. 190, and cases cited. 3 East 366. *Street* v. *Bovington,* 3 Esp. 56. *Trevivian* v. *Lawrence,* 3 Salkeld 276. *Gardner* v. *Buckbee,* 3 Cow. 120. *Burt* v. *Steenburgh,* 4 Cow. 559.— *Kent* v. *Kent,* 2 Mass. 338. *Canaan* v. *Greenwood T. Co.,* 1 Cow. 1. *Betts* v. *Stow,* 5 Cow. 550. 2 Aik. 249. 2 Vt. 111. 12 Vt. 165. 13 Vt. 183. 15 Vt. 170. *Perkins* v. *Walker,* 19 Vt. 144.

Such a judgment cannot be impeached by the parties, nor shown to be erroneous. And it is equally conclusive, even when rendered by consent or default. *Briggs* v. *Richmond,* 10 Pick. 391. *McNiel* v. *Bright,* 4 Mass. 282. *Hoyt* v. *Gilston,* 13 Johns. 139. *Bagot* v. *Williams,* 10 E. C. L. 62.

Or by a court of special, or local, or limited jurisdiction, *Brown* v. *Wadsworth et al.,* 13 Vt. 170.

10 E. C. L. 62, above cited. Or by a justice court. *Blodgett* v. *Jordan,* 6 Vt. 580.

Parol evidence, (consistent with the record,) is always admissible to show what facts were actually litigated and decided. *Sedden* v. *Tutop,* 6 Term 607.

*Martin* v. *Thornton*, 4 Esp. 180. *Bagot* v. *Williams. Gardner* v. *Buckbee et al. Burt* v. *Steenburgh*, above cited. *Wood* v. *Jackson*, 8 Wend. 1. *Parker* v. *Thompson*, 3 Pick. *Perkins* v. *Walker*, 19 Vt.

Nor need this judgment have been specially pleaded in order to be conclusive. It does not operate as an estoppel, but as conclusive evidence of the fact. And as title to the land could be shown by the defendants under the general issue, they were not bound to plead their evidence. See the able note of Judge COWEN on this subject, (2 Cowen & Hill's notes, to Phillips' Ev., and the cases cited.) 2 Smith's Lead. Cas. Amer. note 474. *Wood* v. *Jackson*, above cited. *Young* v. *Runnell*, 2 Hill 478. This view was also fully examined and adopted by the court in the case of *Perkins* v. *Walker*, 19 Vt.

But, even if the judgment operated as an estoppel, as the defendants had no opportunity to plead it, it was admissible in evidence under the general issue. *Trevivian* v. *Lawrence*, above cited. *Howard* v. *Mitchell*, 14 Mass. 241. *Adams* v. *Barnes*, 17 Mass. 365. The defendants might have pleaded title. But they could not in the same plea set up an estoppel on the plaintiff from denying it. This would have been anticipating what the replication *might be*, and adding a rejoinder to the plea. Nor was the evidence objected to at the trial. *Gardner* v. *Buckbee*, above cited.

It has been suggested, that the limited character of the justice jurisdiction in actions of this nature, authorizes the conclusion that these judgments were not intended to be conclusive as to title.

No such inference can be drawn from the statute. It is one of the oldest and most carefully drawn acts in the state, repeatedly and ably revised, and tested by long practice. And it is inconceiveable, if the legislature had so intended, that they should not have so said, in regard to a matter so important and so apparent. Besides, the provision limiting the jurisdiction, and for an appeal in all actions of trespass on the free-hold, which is extended to no other class of cases, except where a right or forfeiture is concerned of a consequence beyond the mere amount claimed, shows clearly that the judgments in these cases were regarded as conclusive.

The conclusiveness of a judgment is not derived from the statute which gives jurisdiction to the court, but is one consequence among many, which the common law attaches. And if jurisdic-

tion to render judgment is given, its conclusiveness follows as a matter of law, unless expressly taken away by the act. And we have already seen that this consequence is universally held to attach to the judgments of all courts of record, however special, limited, or local their jurisdiction may be.

The opinion of the court was delivered by

ISHAM, J. On the trial of this cause at the circuit, the plaintiff introduced evidence to prove a possessory right to the land described in his declaration, and also the injury of which he complains. The parties are adjoining proprietors of land, and the matter in controversy is in relation to the dividing line between them. For the purpose of showing a title, and right of possession to the land in dispute, the defendants gave in evidence the record of a suit before a justice of the peace, in an action of *trespass* on the free-hold, brought in favor of the plaintiff against the defendants and two others, who defended under their title.

From this record, it appears, that a judgment was rendered for the defendants; that the plaintiff appealed; and that more than twelve days before the session of the court to which the appeal was taken, the plaintiff, under the provisions of the act, paid the justice the costs allowed the defendants, in settlement of the suit. The appeal was never entered in the appellate court, and was no further prosecuted. It is admitted, that the alleged trespasses were committed on the same land, and that the title was in dispute and litigated before the justice. The county court held the proceedings in the justice's court conclusive upon the title to the land, and directed a verdict for the defendants. For this ruling of the court, these exceptions have been taken. The question arises whether that record is conclusive, between these parties, against the plaintiff's title to the land.

The action of trespass *quare clausum fregit* is a possessory action, the gist of which is an injury to the possession. The title to the premises is not necessarily involved in its prosecution. In this respect it is unlike the action of *ejectment* and other real actions; yet, the title may be litigated, as a matter directly involved in the issue, and when that question is adjudicated, and a judgment has been rendered in this form of action by a court having competent jurisdiction of the matter, the judgment will conclude the parties,

and will operate as an estoppel if the matter appears on the face of the record; or as evidence conclusive in relation to the title, in any subsequent litigation of that matter between them.   Saund. on Pleading & Ev.  866.   1 East 244.   *Burt* v. *Steenburgh*, 4 Cow. 559.

In relation to the jurisdiction of the justice, before whom these proceedings were had, and his right to adjudicate upon the question of title to the premises, we think there can be no doubt as to the construction of the act, or the intention of the legislature. The Comp. Stat. 233, § 20, expressly gives jurisdiction to justices of the peace in actions of trespass on the free-hold, where the sum in demand does not exceed twenty dollars.   Jurisdiction is also given of all other actions of a civil nature, where the matter in demand does not exceed one hundred dollars, except actions of slander, false imprisonment, replevin above the sum of seven dollars, *and where the title of land is concerned.*   This last exception will exclude from the jurisdiction of the justice, the action of ejectment; case, against an officer for the defective levy of an execution; covenant, on covenants in a deed, 2 Vt. 407 ; actions on the case for a nuisance, 11 Vt. 250 ;  20 Vt. 183; and, indeed, all actions in whatever form, where the title to real estate is involved, except this particular form of action.   *Trespass on the free-hold,* where the matter in demand does not exceed twenty dollars.   This *form of action, to this extent,* is given by statute, and jurisdiction when not expressly taken away, is necessarily given over every matter that arises on common law principles under the issue formed in the case.   Where that jurisdiction exists, the conclusiveness of an adjudication is a matter of legal inference, unless a contrary provision is expressly made by statute.

The act of 1824, (Slades Comp. 140,) gave the same jurisdiction in this form of action to a justice; but provided, that if the defendant justified by plea of title, the records in the case were to be certified by the justice, and returned to the next term of the county court; in which court, the case was to be entered as an original action.   Under this act, the legislature intended to take from the jurisdiction of the justice, the right to determine the question of title to land in this form of action, and this rendered necessary a special provision of that character.   But in our present revision of the statutes, while the jurisdiction of a justice over this

action is continued, the provision is omitted, that the records are to be certified to the county court, in case the defendant justifies under a plea of title; and instead thereof, the right of appeal is given to each party, whatever may be the matter in demand, while the right of appeal in other cases is limited.   This legislation shows an evident intention to give the justice authority to decide upon questions of title, whenever, in this action the question arises ; and the security of parties, in relation to the title of their land, is found in their right of appeal, which transfers the whole subject in controversy to an appellate court.   This we think, has been the general and practical construction of the act.

The effect of the judgment, which was given in evidence, and of the proceedings before the justice, is a matter of more difficulty. So far as the cause of action is concerned on which that suit was brought, we must, on the authority of the case of *Catlin* v. *Taylor*, 18 Vt. 106, regard those proceedings, as a bar to any other suit for that matter, and no further claim for damages can be made. In giving that effect to those proceedings, it is not necessary to consider that claim as having been adjudicated, or that a judgment still subsisting has been rendered thereon.   It is sufficient for that purpose to say, that the commencement of the suit, the appeal taken from the judgment of the justice, the subsequent payment of costs in settlement of the suit, and the neglect of the plaintiff to prosecute that appeal in the appellate court, will operate as a *retraxit*, " or an open and voluntary renunciation of the suit."   In such case, it is a bar to any action, for the same cause, or duty.   3 Blac. Com. 296. Jac. Law Dict. 523, title Retraxit. If this suit had been brought for the same injuries, for which that suit was prosecuted, those proceedings would be a good defence to this prosecution.   But this suit is brought for other injuries to the same land ; and the question is, do those proceedings conclude the parties in this suit, on the question of title; in other words, is there a judgment unvacated, and still subsisting, in which the title to this land was the subject of express and direct adjudication.   It is not sufficient, that a judgment was rendered by the justice, having jurisdiction of the subject matter before him, or that the title of the land was the subject of investigation ; but it must also appear, that that judgment still remains in full force, unvacated and unreversed.   Unquestionably, that judgment is binding upon the par-.

XXVI        15

ties, and conclusively so, upon all matters that could have been and were actually determined and adjudicated, unless its effect is destroyed by the appeal allowed by the court. The statute gives to each party the right of appeal in cases of this character, but does not expressly declare, what its effect shall be on the judgment from which it is taken. If the appeal has simply the effect to *suspend the judgment* of the justice, until a judgment is rendered by the appellate court on the appeal, we do not see, but its effect may be conclusive, if the party appealing fails to prosecute his appeal to judgment. But if the effect of the appeal is to *vacate* the judgment, and remove the suit from the jurisdiction of the justice, it is obvious, that no such consequences will follow; for, there is then no subsisting judgment in the case. In case of an appeal from the probate court, the appeal is taken from some *order, sentence, or decree* of the court; and the judgment of the appellate court is upon that order or decree from which the appeal is taken, and when made, it is to be certified to the probate court, where the same proceedings are to be had, as if the decision had been made there. Comp. Stat. 324 § 36. The appeal gives no jurisdiction to the county or supreme court, to proceed and settle the estate, but simply to reconsider the decree of that court; and the judgment is to be enforced, and carried into effect by the probate court, as if no appeal had been taken. The jurisdiction of the probate court over the cause and the parties, is not taken away by the appeal. It may, therefor, more properly be considered, that the order and decree of the probate court, is merely suspended, until the final decree of the appellate court is obtained. *State* v. *McKnown*, 21 Vt. 503. But a different construction is given to the act granting appeals from the judgment of a justice of the peace. When such an appeal is taken, the cause itself is removed, as well as the jurisdiction of the court over the parties taken away. The county court on such an appeal, do not simply revise the judgment of the justice, and certify that judgment to be carried into effect by him; but they take cognizance of the cause itself and jurisdiction over the parties; they render their judgment, and carry that judgment into effect, by execution or otherwise, as if the suit had been originally commenced there. The justice has no further jurisdiction of the case, or of the parties, after the appeal has been taken. The effect of such an appeal

must necessarily be to vacate and render null the judgment of the justice; and so far as an adjudication of any matter involved in the suit is concerned, the parties are placed in the same situation as if no judgment had been rendered. This question has been directly determined in the case of *Curtiss* v. *Beardsly*, 15 Conn. 522, under a statute similar to our own. It is deemed impossible to evade the reasoning and doctrine of that case, in its application to this. That was an action of debt on judgment rendered by a justice, from which an appeal was taken, but never entered in the appellate court, agreeably to the provisions of the act. The court observed, " that from the view of appeals from justices, which has "been taken, we entertain no doubt, that upon principle, the effect " of the appeal was to vacate and render null the judgment of the "justice." It was held, that the action could not be sustained. In the case of *Campbell* v. *Howard*, 5 Mass. 376, CH. J. PARSONS remarked, " that when an appeal has been regularly allowed, no " further proceedings can be had on the judgment, until through " the default of the appellant, it be affirmed on the complaint of " the appellee; and when the appeal is allowed, the judgment no " longer, in legal construction, remains in force. The question has " frequently been before the court, where a judgment appealed " from, and not affirmed, has been pleaded in bar to another action " for the same cause, and it has been considered as no bar; as a "judgment inoperative, and not in force, after the appeal was al-"lowed. *Paine* v. *C———*, 17 Pick. 142. In the case of *Fletcher* v. *Blair*, 20 Vt. 126, this court remarked " that the legal effect of an appeal was to vacate the judgment rendered by the justice, and to remove the entire case into the county court." Regarding this to be the proper construction of the act regulating appeals from justices, the conclusion follows, that when the judgment of a justice is thus vacated by an appeal, there has been no matter adjudicated, or determined by the court; there is no existing judgment, which will conclude the parties, as a matter of evidence, or which can be relied upon as a matter of estoppel.

The Comp. Stat. 238 § 74 provides, that any party having appealed from the judgment of a justice to the county court, may at any time, not less than twelve days before the session of such court tender and pay to the creditor, or leave with the justice the amount of such judgment; or may tender to such justice a confession of

judgment in favor of the appellee, for the amount of the original judgment, with interest.   In either event the statute provides, that there shall be no affirmance of the original judgment.   If a judgment by confession is rendered, the statute provides, that it shall have the same effect as an affirmance of the judgment, to preserve all liens and securities, which the plaintiff has for the collection of his debt.   But the statute nowhere declares, what the effect shall be upon the judgment appealed from, where the amount is tendered or paid by the party appealing.   To affirm, or render a judgment effectual, as such, which has been previously vacated and rendered null, it is necessary, unless some provision by statute is made otherwise, that the same solemnities be observed, that are required in the rendition of the original judgment.   It is equally necessary for the affirmance, as well as for the rendition of an original judgment, that it be done by some judicial tribunal, having jurisdiction of the matter for that purpose. The payment of the costs by the appellant to the defendant, cannot have such an effect; for that is the act merely of the party, while the rendition of a judgment, either original, or by affirmance, is a judicial act, to be exercised only by one having judicial authority.   When the statute provides, that in case of a confession, its effect shall be an affirmance of the judgment, to preserve all liens, and makes no such provision in case of a tender of the judgment, it is a reasonable presumption, that no such effect was intended by the legislature.   Under the provisions of our act, where the judgment of a justice has been vacated by an appeal, a new judgment can be obtained, only by an affirmance of the judgment in the county court, on the complaint of the appellee, or by a confession by the appellant, or by a regular prosecution of the case to a judgment by the party appealing.   If the judgment of the justice has not been affirmed in one of these ways, the only effect that can be given to the payment of the costs, is to consider it in the nature of a *retraxit,* and a bar to any claim for the matters for which that suit was brought.   To that extent the case of *Catlin* v. *Taylor,* 18 Vt. 106, is an authority; beyond that, we are not warranted to proceed by any adjudication of the court in that case.   In giving that effect to those proceedings, we must regard the doctrine as peculiar to this state.

In Massachusetts, it would operate as a discontinuance of the

suit merely, and would be no bar to any subsequent suit for the same matters. 5 Mass. 376, by PARSONS, CH. J.

The judgment rendered by the justice, having been vacated by the appeal, and never affirmed, or prosecuted to judgment in the appellate court, we think there has been no adjudication on the question of title to these premises, and that there is no existing judgment, which concludes the parties as a matter of evidence, for that purpose.

The result is, that the judgment of the County Court must be reversed, and the case remanded.

In this case Chief Justice REDFIELD delivered the following opinion, in which the learned Judge discusses the doctrine of collateral estoppels, and dissents from the intimation of the opinion of the court upon this subject.

Opinion by REDFIELD, Ch. J.

As I concur in the judgment just pronounced, it seems scarcely needful to specify the grounds of that opinion. But on one point, the intimation of the opinion of the court is so important, in its practical bearings, and so much opposed to my own views of the true principle of the just application of the doctrine of estoppels, that I shall briefly express my dissent.

I. I entertain no doubt the justice has jurisdiction of the action of trespass on the freehold, where the damages claimed are less than twenty dollars.

II. It is certain, that is an action where the title of land is *concerned,* but not ordinarily brought in *question.* This portion of the jurisdiction of a justice is, therefore, in derogation of the general limits of jurisdiction, between justice courts and the county court. In all other cases the justice jurisdiction is prohibited, " where the title of land is concerned." This exception, too, is clearly made from convenience, and not with any view to encourage the bringing of actions, where the title of land is concerned, even in trespass *quare clausum fregit,* before justices, in as much as full costs are given in such actions, in the county court, " where the court shall certify that the title of land came in question." This exceptional jurisdiction, in this class of actions, to justices, was clearly not intended to bring into justice courts actions of

trespass, where the title of land came *in question,* or it was a *bona fide* object of the suit to try the title. This class of actions was undoubtedly intended to be brought, in the first instance, in the county court, else full costs would not there be given, without reference to the amount of damages. It was clearly, then, not the purpose of the legislature to have justices, in any action, try the title of land, but this jurisdiction, as is well known, was conferred, to enable justices to try that class of actions, where a question of damages merely was contested, and the claim below $20. But the title might come in question, and if it did, would not oust the jurisdiction, after the repeal of the proviso to the act of 1824.

But we think it obvious to infer, that it was no part of the design of the legislature to confer upon justice courts, any jurisdiction to try and determine the title of land. In all other cases, actions involving the title to land are studiously excluded from the cognizance of such courts.

It is true indeed, that the question of the validity of title to land may *incidentally* come *in question* in almost any action, before a justice, and if it do so come in question, does not oust the jurisdiction. In an action upon note for $50, the title of an estate sold for $20,000 may come in question, and it become necessary to decide it, in order to determine the validity of the note. And it might equally come in question in an action upon a note below $20, and so the judgment of the justice be final. But did any one ever suppose, that such an adjudication might be used to defeat a recovery upon all the other notes, and that it even settled the question of the title to the land between the parties too, so that, in an action of ejectment, this collateral determination of the justice, in the action on the note, could be used as a conclusive estoppel, upon the question of title to the land? We think few men would be prepared to carry the doctrine of collateral estoppels to such absurd lengths. But there is no calculating the extent to which *general rules* will be applied in the law. Lawyers and judges seem to have an abhorrence of exceptions to general rules, as nature was formerly said to have, to a *vacuum!* Common minds, especially if at all educated, seem to suppose there is a wonderful symmetry maintained, if general rules are made *universal!* But experience and true wisdom shows, that the symmetry and beauty

consists in maintaining the principle, with such exceptional cases as do not fairly come within the principle.

And in carrying our illustrations of this case a step farther, to show that it does not really come within the true principle of estoppels, we have only to suppose the wife should swear the peace against the husband, and some collateral question should arise, by which it became necessary for the justice to pass upon the question of the validity of the marriage, or of an alleged divorce between the parties, could any man be so insane as to claim, that such questions were thus forever settled, in all future actions between the same parties ? Or in an action of assumpsit, for necessaries furnished the wife, it might become necessary for the justice, in order to determine the action, to decide either the validity of the original marriage, or its continuance; and is such decision of any force in any other action, even between the same parties, in another court.

It seems to me, these illustrations must show, to the comprehension of all, that a collateral determination of a question in a court, having no general jurisdiction of that class of questions, wants the basis of a binding estoppel, i. e., the decision of the same question, between the same parties, by a COMPETENT TRIBUNAL. Can it fairly be said that a justice court is a competent tribunal to decide questions of the title to real estate, when that whole subject has been studiously excluded from their cognizance ? I trust not.

The whole subject of collateral estoppels is one of comparatively recent origin, in this state and in England. And it is exclusively of the creation of the courts, and like fictions of law, ought not to be allowed to aid in the perpetration of wrong. But if the doctrine is to be carried to this ludicrous extent, I, for one, shall feel compelled to fall back upon my LORD COKE's definition, that "estoppels are odious! not to be favored! that they shut out truth," &c. ! But when the question fairly arises, whether the decision of a justice, in an action of trespass *quare clausum fregit*, settles finally the title to the land, I yet believe, that this court will not be prepared to perpetrate such an absurdity, as to hold that it does. I certainly do not desire to have it supposed, that by silence, I have become participator in such a deed. This doctrine has already been carried to the utmost limit of reason and

justice, in this state. And within proper boundaries it is a salutary and conservative doctrine, but like all other conservatism, when misapplied, it is calculated to bring all its kindred into contempt, and public odium.

In the case of *Barrs* v. *Jackson,* 1 Young & Collyer 585, 594, after the most learned and elaborate examination of the subject, the learned vice Chancellor KNIGHT BRUCE, declares his opinion of collateral estoppels, even when the court has general jurisdiction of the subject, that they are never binding upon other courts, in regard to the same question between the same parties. What such a judge *would say* to a collateral estoppel, claimed on account of the incidental determination of the question by a court, having *no general jurisdiction of the subject matter*, it is difficult to conjecture, as no such question has ever arisen anywhere, except in the present case.