Hon. MILO L. BENNETT,  
Hon. JOHN PIERPOINT,  } Assistant Judges.  
Hon. JAMES BARRETT.

---

### MIAL REYNOLDS *v.* ROBERT PROVAN.

#### *Practice. Appeal.*

In an appeal by the defendant from the judgment of a justice of the peace, who has adjudged that the cause of action arose from the wilful or malicious act or neglect of the defendant, and that the defendant ought to be confined in close jail, etc., if the defendant neglect to enter his appeal in the county court, and the plaintiff enter the case for affirmance, and the judgment is affirmed, the adjudication of the justice as to the origin of the cause of action is also affirmed, and it is the duty of the county court to issue a certified execution.

TRESPASS. The action was originally brought before a justice of the peace, who rendered judgment for the plaintiff, and at the same time adjudged that the cause of action arose from the wilful and malicious act of the defendant, and that the defendant ought to be confined in close jail, etc. The defendant then appealed the case to the county court, but neglected to enter his appeal in that court, whereupon the plaintiff entered the case for affirmance, and the judgment of the justice was affirmed, there being no appearance for the defendant, and no testimony being offered, except a certified copy of the justice's record.

The plaintiff then claimed, *as matter of law*, that he was entitled to a certificate, upon the execution, that the cause of action arose from the wilful or malicious act of the defendant, and that the court considered that the defendant ought to be confined in close jail, etc. But the county court, at the December Term, 1858,—PIERPOINT, J., presiding,—held otherwise and refused to grant the certificate, to which the plaintiff excepted.

*H. K. Fowler*, for the plaintiff.

*A. L. Miner*, for the defendant.

REDFIELD, Ch. J. The only question in this case is, whether in affirming a justice's judgment in the county court, his adjudication, that the cause of action arose from the wilful and malicious act of the defendant, is also affirmed. That is the result of affirming the judgment of the county court in this court. The only important difference in the cases is, that the appeal vacates the judgment of the justice. But we think it is now too well settled that the affirmance revives the judgment, to be again brought in question. It is settled that the affirmance of a justice judgment in the county court, for not entering the appeal, or even the payment of the amount twelve days before the county conrt, under the statute, so effectually revives the judgment that the estoppels, direct as well as collateral, are all revived, even those upon subjects where the justice has no general jurisdiction, as the title of land; *Small* v. *Haskins*, 26 Vt. 209. It is obvious, we think, that the party has no other mode of obtaining the certificate.

The county court can not properly hear evidence upon that question.

We think therefore that when the party appealing does not enter the appeal in the county court, and that court upon the complaint of the appellee affirms the judgment of the justice, it is affirmed with all its incidents, among which is the adjudication that the cause of action arose from the wilful and malicious act of the defendant.

The judgment of the county court, as to the cause of action being the wilful and malicious act of the defendant, is reversed, and the judgment of the justice in that respect, and of the county court in other respects, is affirmed; and the clerk is to certify on the execution accordingly.