## DUNKIN vs. HODGE.

[ACTION FOR THE RECOVERY OF MONEY DEPOSITED AS INDEMNITY WITH SECURITY ON A BOND FOR THE APPEARANCE OF A DEFENDANT CHARGED WITH A FELONY, &C.]

1. *An agreement to become bail; when void.*—An agreement by which one party receives a sum of money to become the bail of another accused of felony, in order that a defendant may be released from custody, so as to escape trial, is void, as obstructing or interfering with the administration of public justice. Money paid under such an agreement cannot be recovered back.

2. *Judgment final on bail bond; when cannot be compromised.*—A final judgment on an undertaking of bail cannot be compromised with the solicitor.

3. *Same; when cannot be assailed collaterally.*—Such an undertaking cannot be collaterally assailed as void, on the ground that the undertaking was approved by the sheriff, in a case of felony.
(PETERS, J., ·dissenting.)

APPEAL from Circuit Court of Perry.
Tried before Hon. MILTON J. SAFFOLD.

The appellee sued the appellant to recover from him money which the complainant alleged she had deposited with him as indemnity against his liability as bail for her son, who was in jail, under the commitment of a magistrate, for assault with intent to murder. He defended on the ground that the money was paid to him in consideration of his becoming bail for her son, so that he might get out of jail and run away. This defense was supported by his own testimony, while the complaint was sustained by

two witnesses, one of whom was the party who made the agreement with the defendant, as agent of the plaintiff. A final judgment had been rendered on the bail bond for its full amount, $1,000, which, it was claimed, had been satisfied by the payment of about $250, under an agreement to that effect between the solicitor and the counsel of the accused.

The bail bond was approved by the sheriff; there was evidence tending to show that before suit, defendant, on demand by appellee's attorney, promised to refund. The defendant testified that he had no conversations with the plaintiff about going on the bond, and the witness who made the arrangement for the plaintiff, testified that he had no authority for the plaintiff to make the arrangement, that the defendant should flee from justice. The solicitor testified that he compromised the judgment, because strenuous efforts were being made to induce the governor to remit the amount, and he feared the governor would remit it.

Among other charges, the court gave the following, which was excepted to by the appellant: "That the defendant Dunkin having admitted in his testimony, that he was induced to and did go on the bond, under the expectation and for the purpose of making meney, believing that Plummer Hodge would, if bailed out, never return to stand his trial, and the case would be compromised; and based his defense on the ground that the transaction out of which the suit grew was illegal, and contrary to public policy, he can not invoke the aid of this court for his protection, and the jury cannot consider any matters of law or evidence alleged in his favor.

"If they believe, on the contrary, that plaintiff in no way knowingly and intentionally participated in the transaction which led to the non-appearance of Plummer Hodge to stand his trial, but deposited this money with defendant, as an indemnity against any legitimate loss he, defendant, might sustain, under the promise of defendant to refund all or any part of the amount not needed to re-imburse him any loss in money he might sustain, then she can re-

cover, and the measure of damages is the amount left in Dunkin's hands after payment to the solicitor, and interest from the time the demand on him was made."

To the refusal of the court to give the following charges, (among others asked), appellant excepted :

1. "That if the jury believe from the evidence that the agreement sued on in this case was made and entered into to prevent or impede the due course of public justice in the case of the State of Alabama against J. P. Hodge, on a charge of assault with intent to commit murder, then they must find for the defendant.

2. "That the liability of the defendant Dunkin, on his forfeited bond for the appearance of J. P. Hodge, on a charge of assault with intent to commit murder, could not be discharged by a compromise with the solicitor, and that any such compromise is a part payment of said liability only to the amount actually paid, under and by virtue of said compromise." The judgment of the court below was for the appellee.

BAILEY & BRAGG, and SHIVERS, for appellant.

(No brief for appellant came to Reporter's hands.)

J. C. REID, _contra._—It is insisted, that if the bond for one thousand dollars, made by Hodge, appellant, and M. D. L. Stewart, was made expressly to get the said Hodge out of jail, in order that he might escape, and not appear for trial, that there is no proof to show that the appellee was _particeps criminis,_ or that she was a party to any contract for that purpose. Under the contract then made by said appellant with Thomas G. Clancy, as the agent of appellee, she had the right to sue for and recover from the appellant the surplus of money left in his hands after being discharged from liability on said bond.

2. There is no evidence to show that H. H. Moseley, as sheriff, had any authority to take the bond of Plummer Hodge, Elias Dunkin, the appellant, and M. D. L. Stewart, a copy of which is set forth in the record. Bail must be

taken by a court of competent authority, magistrates or other officer ; or, if committed to jail upon a preliminary examination, the prisoner may give bond to the sheriff, if the committing magistrate has rendered in the commitment the amount of bail required, and signed his name thereto —Rev. Code, 4014, 4233.

3. The bond taken by the sheriff aforesaid is, therefore, null and void, and " is no more than so much blank paper.' 16 Ala. 81.

4. If the bond was void, then the judgment rendered on said bond is void.—29 Ala. 141.

5. If the judgment rendered on said bond is void, then it may be collaterally assailed by the appellee.—21 Ala. 772 ; 20 Ala. 446 ; 23 Ala. 155 ; 17 Ala. 430.

6. The evidence shows that the judgment on said bond was compromised by John C. Reid, acting for the appellant and appellee in this case, with Rufus J. Reid, as solicitor, at two hundred and fifty dollars. Admitting that the said solicitor had no authority to make said compromise, yet under the evidence in this cause, it is submitted that the said appellant is estopped from setting up the want of authority in said solicitor to make said compromise.

7. Said bond being void, it was the duty of said appellant to have prevented judgment being rendered on the same, and if through his negligence or ignorance he suffered judgment to be rendered against him, he will not now be heard to complain, although he may be compelled to pay· the balance of said judgment.

B. F. SAFFOLD, J.—The rules of law applicable to this case, as presented by the bill of exceptions, are as follows :

Such a contract as that set up by the defendant is one obstructing or interfering with the administration of public justice, and is void. The purpose of bail is to restrain as little as possible the liberty of the citizen, consistent with his retention until his guilt or innocence of the offense alleged against him can be ascertained by due course of law. Whatever may be the duty of a citizen who knows that an accused person is endeavoring to give the bail re-

Dunkin v. Hodge.

quired of him in order that he may escape from trial, it is certainly against his duty to aid him to do so. The punishment of felony prescribed by law, can not be commuted by the payment of money. If the testimony sustained the defense, the plaintiff could not recover, because the agreement would be void as against public policy, and therefore the money could not be recovered back.—Add. on Con. 93, 96 ; *Edgcomb v. Rodd*, 5 East. 294. And, if valid, it gave the money to the defendant.

After the rendition of a judgment final on a forfeited bail bond, the solicitor has no authority to make any compromise in satisfaction of it. Neither has the court, after the adjournment of the term.

After judgment without objection on a forfeited undertaking of bail in a case of felony, which was approved by the sheriff, it will be presumed that he was authorized to do so by the proper court.—Rev. Code, 4241 ; old Code, 3408.

The ruling of the circuit court was not in conformity with the principles herein declared.

The judgment is reversed and the cause remanded.

PETERS, J., *(dissenting)*.—The reversal in this case is proper, but I am not able to consent to the argument upon which it is based or the deductions from it.

Undoubtedly it is the right of all persons, before conviction, to be bailed by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great ; and excessive bail shall not in any case be required. Const. Ala. 1867, Art. I. § 18; Rev. Code, §§ 4234–35; *Ex parte Croom & May*, 19 Ala. 561; *Ex parte Banks*, 28 Ala. 89. After a defendant is once discharged on bail, I know of no law that confines him to remain in any one particular place or county in the State, or in the nation. It is neither immoral, criminal, or against the public policy, for a person who is not under arrest to go where he pleases, so he does not trespass upon the rights of others. He is not bound to remain in the jurisdiction. He is only bound to appear at the place and time appointed, or to pay a

certain sum of money to the State for the use of the county, in which he stands charged.—Rev. Code, §§ 4239, 4244, 4254, 4255. And after his release upon bail from custody he may lawfully leave the court, the county, the State, or the nation. And he may go away at just such rate of speed as suits him, and at his own time. He may run away if he thinks it best. Then, a contract to aid one to procure bail for the purpose of running away, after his release from custody, is not illegal. And money deposited for that purpose, which is not used, may be recovered back by the true owner.—*Hitchcock et al. v. Lakens & Son*, 8 Port. 333.

The judgment on a forfeited bail piece is the property of the county. It is the duty of the county solicitor to attend to its collection; and for this purpose, he has the same power over it that any other attorney has over the case of his client. The county, then, through its proper authorities, may authorize him to compromise the judgment, or it may accept and ratify a compromise that the attorney may make. Such a judgment is a judgment in a civil suit, and it is governed by the law applicable to such suits.—*Dover et al. v. The State, &c.*, 45 Alabama, 244. The compromise of a prosecution is illegal and forbidden by the public policy, but this is not the case with a civil suit. A contract based upon the former is illegal, but not one based upon the latter.—*Phillips v. Kelly*, 29 Ala. 628; 2 Bennett & H. Lead. Crim. Cases, 258 *et seq.*; 1 Chit. Cr. Law, 4 *et seq.*; 1 Pars. on Con. p. 456 *et seq.*; 5th Ed. Rev. Code, §§ 3587, 3588; *ib.* § —; *Motley et al. v. Motley*, 45 Ala. 555.

For these reasons I feel compelled, most respectfully, to differ with the majority of the court in the application of the law sustaining the argument of the court in this case. In my opinion the plaintiff has clearly the right to recover, even if the accused in the criminal prosecution was bailed in order to afford him an opportunity to run away.