DENNIS MOLONEY, Respondent, *v.* SAMUEL NELSON, Appellant.

1. STIPULATION ON APPEAL AND JUDGMENT ABSOLUTE AGAINST PLAINTIFF IN PREMATURE ACTION, NOT A BAR TO SUBSEQUENT ACTION. Where a judgment in favor of the plaintiff has been reversed at the General Term because the action was prematurely brought, and a new trial ordered, a statutory stipulation for judgment absolute in case of affirmance, given by the plaintiff on appealing to the Court of Appeals, followed by an affirmance in that court, with judgment absolute against the plaintiff, is not a bar to a subsequent suit brought after the right of action has accrued.

2. INDEMNIFICATION OF BAIL — PUBLIC POLICY — MORTGAGE. Indemnifying bail in a criminal case is not contrary to the public policy of this state ; and the fact that a bond and mortgage were given to indemnify bail does not render them void.

*Maloney* v. *Nelson*, 12 App. Div. 545, affirmed.

(Argued February 3, 1899; decided February 28, 1899.)

APPEAL from a judgment and order of the Appellate Division of the Supreme Court in the first judicial department, entered December 18, 1896, affirming a judgment in favor of

plaintiff entered upon a decision of the court on trial at Special Term.

This was an action to foreclose a mortgage.

The facts, so far as material, are stated in the opinion.

*Wm. H. Newman* and *Albert J. Adams, Jr.*, for appellant. The judgment of the Court of Appeals is a bar to recovery in this action. It is not claimed that it is a bar upon the ground of *res adjudicata*, but by virtue of the stipulation given by the plaintiff in the former action. (*Rose* v. *Hawley*, 141 N. Y. 366; *Roberts* v. *Baumgarten*, 126 N. Y. 336; *Lanman* v. *L. R. R. Co.*, 18 N. Y. 494; *Hitchings* v. *Van Brunt*, 38 N. Y. 345; *Hiscock* v. *Harris*, 80 N. Y. 407; *Mackay* v. *Lewis*, 73 N. Y. 383.) A contract to indemnify bail in criminal cases is against public policy, and cannot be enforced. ( *U. S.* v. *Simmons*, 47 Fed. Rep. 577; *U. S.* v. *Ryder*, 110 U. S. 729.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondent. This action is not barred by the judgment rendered in the former action between these parties. (*Converse* v. *Sickles*, 146 N. Y. 200; *Maloney* v. *Nelson*, 144 N. Y. 182; Freeman on Judgments, § 268; *Rose* v. *Hawley*, 141 N. Y. 366; *Marsh* v. *Masterton*, 101 N. Y. 401; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *McFarlane* v. *Cushman*, 21 Wis. 401; *Tracy* v. *Miller*, 103 Mass. 280; 2 Am. & Eng. Ency. of Law, 272.) The bond and mortgage are not void for public policy. (*Maloney* v. *Nelson*, 144 N. Y. 189; *Simpson* v. *Roberts*, 35 Ga. 180; *Anderson* v. *Spence*, 72 Ind. 315.) In this state this argument is entirely destroyed by the provisions of the Code of Criminal Procedure, whereby it is provided that the accused may deposit money in lieu of bail. (Code Crim. Pro. §§ 586–589; *Maloney* v. *Nelson*, 12 App. Div. 548.)

Parker, Ch. J. By the judgment under review a mortgage given by the appellant Nelson was foreclosed. The defenses interposed by him upon the trial, and relied upon here, are:

1. The stipulation given by the plaintiff on the appeal to

this court in a prior action brought to foreclose the mortgage is a bar to the recovery in this action.

2. The bond and mortgage having been given to indemnify bail in a criminal case, they are void, because contrary to public policy.

The essential facts are that Nelson offered himself as bail for one O'Brien, who had been arrested for a felony and held to bail in the sum of $10,000; that another surety was required; and Nelson, in order to induce the plaintiff Moloney to unite in the execution of the bail bond, executed and delivered to him the bond and mortgage in suit. The bond contained the usual conditions, and in addition thereto the following : "Now, therefore, if there shall be no default in said bond or recognizance, so signed by said Moloney, then this obligation to be void, otherwise to remain in full force and virtue."

A prior action to foreclose this mortgage was brought by the plaintiff and judgment of foreclosure therein was obtained at Special Term. The General Term ordered a reversal of that judgment, and from that order the plaintiff appealed to this court, giving the usual stipulation for judgment absolute in the event of an affirmance. This court affirmed the order of the General Term (*Maloney* v. *Nelson*, 144 N. Y. 182), and judgment absolute was accordingly entered against the appellant, with costs. The reason for refusing foreclosure in that action was that the action was prematurely brought, as the plaintiff had not paid any portion of the amount named in the bail bond, and hence, as this court construed the conditions, the bond was not due. Subsequently the plaintiff made payment, and immediately thereafter this action was commenced.

The defendant recognizes the existence of the rule that where a plaintiff has been defeated in an action because he brought it prematurely, the judgment entered therein is not a bar to a subsequent suit brought after the right of action has accrued (*Converse* v. *Sickles*, 146 N. Y. 200, 207; *Rose* v. *Hawley*, 141 N. Y. 366), but insists that the stipulation given on the appeal to the Court of Appeals from the order of the

45

General Term operates to prevent a recovery. This conten-
tion is without support in authority or reason. The stipula-
tion was that in case of affirmance judgment absolute should
be rendered against the appellant in that action, not in some
other action, the right to commence which had not yet accrued.
If, instead of taking an appeal to the Court of Appeals, he
had taken the new trial ordered by the General Term, the
result necessarily would have been a dismissal of his com-
plaint, and a judgment thereon against him would have been
affirmed on appeal. Had that been the course of action, the
appellant admits that the judgment entered thereon would not
have been a bar to a recovery in this action. It is readily
apparent that the course pursued did not widen the effect of
the judgment or so broaden it that it shall impress causes of
action not yet in existence. The object of giving the stipula-
tion was to shorten the procedure by which a decision of the
Court of Appeals was to be had upon a question that lay at
the very foundation of the action, viz. : under the conditions
of the bond and the subsequent happenings, had a right of
action thereon accrued to the plaintiff at the time of the com-
mencement of the suit? The stipulation was in the form
required by the statute, and it could not secure to the appel-
lant giving it, other rights, or burden him with greater obliga-
tions than were within the contemplation of the statute, which
is, that judgment absolute in the action in which the stipula-
tion was given should be rendered against him in case the
order he appealed from should be affirmed. A judgment in
that action, as we have already observed, could not affect the
right to bring this one, which is upon a cause of action not
then in existence.

The case of *Roberts* v. *Baumgarten* (126 N. Y. 336) is not
in conflict with the views we have here expressed. That was
an action for ejectment, and the plaintiff was entitled under
the statute to two trials in the same action. The plaintiff had
judgment in the trial court, but being reversed in the General
Term he appealed to the Court of Appeals, giving the stipu-
lation for judgment absolute, and the court held that the effect
of that was to waive the right to a second trial. The reason

of that decision was that, as the statute provided that the plaintiff might have two trials for one cause of action, he necessarily waived his right to a second trial by stipulating for judgment absolute.

As to the second ground relied upon to defeat the action, viz., that the bond and mortgage were void as against public policy, the question is an open one in this state, so far as decision is concerned, but the view of this court was expressed in *Maloney* v. *Nelson* (*supra*). The court said : " This leaves it unnecessary to consider the other defenses set up in the answer of the defendant Nelson, although we must say that the claim that the defendant's contract was void as against public policy, does not impress us as being a good defense, at least in this state." It is true that in some other jurisdictions, as is pointed out in the very careful opinion of the Appellate Division, it has been suggested, if not decided, that it is against public policy to allow bail to become indemnified, the reason given being that the object for which the bail is required is to assure the appearance of the prisoner to answer the charge against him, and that necessarily the bail had a direct pecuniary interest in preventing the escape of the prisoner, which he would not have were he fully indemnified. That is not the public policy of this state ; for the giving of bail in criminal cases is regulated by statute, and the legislature has, by its provisions, provided that a personally responsible surety may be altogether omitted if the accused prefers to make a deposit of money ; he may have his choice either to give a bond with sureties, or make a deposit of money. It is the loss of the money deposited, or the assurance that the sureties will be obliged to pay the amount of the bail, that is relied upon to secure the presence of the accused. It, therefore, cannot be said to be a part of the public policy of this state to insist upon personal liability of sureties, for there need not be such personal liability in any case if the accused make a deposit of money in lieu of bail, as provided by the statute.

The judgment should be affirmed, with costs.

All concur.

Judgment and order affirmed.