------

## WESTERN SURETY CO. v. KELLEY et al.

While a contract of guaranty or suretyship is in a sense collateral to a principal existing contract, a contract of indemnity is an independent contract to save another from loss upon some obligation which he has already incurred, or is about to incur to a third person, and a bond of indemnity given to a surety company going upon a bail bond was not without consideration because made prior to the execution of the undertaking by the surety company.

Where an indemnity bond assumed and recognized the existence of an undertaking of bail on the part of the company indemnified, the indemnitors, when sued on the indemnity bond, could not urge that at the time they signed such bond the undertaking of bail had not been executed, and was not in existence.

A bond of indemnity against liablity on an undertaking given in a criminal action is not void as against public policy.

Civ. Code, § 1959, defines indemnity as a contract by which one agrees to save another from a legal consequence of the conduct of one of the parties or of some other person. Section 1965, subd. 4, provides that the person indemnifying is bound on request of the person indemnified to defend actions brought against the person indemnified, and subdivision 5 provides that, if after request the person indemnifying neglects to defend the person indemnified, a recovery against the person indemnifying suffered by him in good faith is conclusive in his favor against the person indemnifying. **Held,** that the statute applies to one indemnifying against liability of bail in a criminal action, and where persons indemnifying the surety on a bail bond, after notice to them and demand that they appear and defend an action on the bond brought against the surety failed to do so, such indemnifiers in an action on their indemnity bond by the surety on the bail bond could not set up the defense that the surety on the bail bond was released from liability because the person for whom the bail bond was given had been released from the immediate custody of the officer.

(Opinion filed June 6, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Western Surety Company against Myrtle Kelley and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Preston & Wagner,* for appellants.

When the prisoner is re-arrested or ordered into custody on the same charge or for the same offense his sureties are discharged. 5 Cyc. 117; State v. Posy, 79 Ala. 45. Such re-arrest takes the prisoner out of the control of the bail and the bail having no control of the accused the sureties are released. State v. Holmes, 23 Ia. 458; Medlin v. State, 11 Bush Ky. 605. For reasons of public policy the law will not imply an obligation, or will it enforce an express agreement on the part of the prisoner to indemnify his bail against the penalty incurred by his default. 16 A. & Eng. Enc. Law, 172; 3 A. & Eng. Enc. Law, 684; U. S. v. Simmons, 14 L. R. A. 78; U. S. v. Ryder, 28 Law Ed. 308 (U. S. Sup. Ct.)

*Joe Kirby,* for respondent.

The appellant's were clearly estopped from litigating any of the matters decided in the action brought against respondent on the Kelley bond. Civil Code, Sections 1959-65; Herman on Estoppel, Sec. 148. After suit was brought against the respondent on the Kelley bond, copies of the summons and complaint, together with notice to come in and defend were served on each of the appellants—they refused to interpose any defense and cannot now be allowed to do so. The sections of the Civil Code provide: "1959. Indemnity is a contract by which one agrees to save another from a legal consequence of the conduct of one of the parties or of some other person. 1960. An agreement to indemnify a person against an act thereafter to be done is void if the act be known by such person at the time of doing it to be unlawful" (*expressio unius est exclusio alterius.*) 1961. An agreement to indemnify a person against an act already done is valid, even though the act was known to be wrongful, unless it was a felony. 1965. (4) The person indemnifying is bound on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matter embraced by the indemnity. (5) If after re-

quest, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith is conclusive in his favor against the former."

SMITH, P. J.  This action was tried to the court without a jury, and judgment entered upon findings of fact and conclusions of law. The assignments of error relate to conclusions of law upon facts which are undisputed. Briefly stated, the facts are as follows:

On November 6, 1906, an information was filed by the state's attorney in the circuit court of Davison county, charging one Myrtle Kelley with the crime of keeping a house of ill fame, upon which charge she was arrested and admitted to bail in the sum of $1,000. On the 9th day of February, 1907, the defendant, being then in custody upon said charge, made application to the plaintiff company to become surety upon her bail bond. At the same time there was presented to the plaintiff company a bond of indemnity signed by the defendants in this action, five in number, each bondsman binding himself severally in the sum of $200 to indemnify the plaintiff company "if the said Western Surety Company is compelled or becomes liable under said bail bond by the default of said Myrtle Kelley to appear at said circuit court of Davison county and answer the charges made against her and all orders of the said circuit court in all things in said action." Thereafter, on the 21st day of February, 1907, to induce the plaintiff surety company to become surety on her bail bond, defendants in this action executed and delivered to plaintiff a further agreement in writing, whereby the indemnity bond theretofore executed by them was amended by striking out the limitation of a several liability in the sum of $200 each, and making the bondsmen jointly and severally liable in the full sum of $1,000, "as though no such provision was contained in the bond." Thereafter, on the 22d day of February, 1907, the plaintiff surety company, relying upon the bond of indemnity executed and delivered an undertaking or bail bond with Myrtle Kelley as principal in the sum of $1,000 conditioned for her appearance before the circuit court which undertaking was duly approved and filed on February

22, 1907, and thereupon said Myrtle Kelley was released from custody. Thereafter, for reasons not material upon this appeal, the cause was continued to the April, 1908, term of court, at which time the accused failed to appear, and the undertaking of bail was declared forfeited. On May 14, 1909, an action was commenced in the circuit court of Davison county against Myrtle Kelley and the Western Surety Company to recover the sum of $1,000, the amount of the forfeited undertaking, and on May 27, 1909, plaintiff surety company served on defendants in this action as sureties on the indemnity bond notice of the beginning of the action on the forfeited bail bond, and that "the Western Surety Company desires you to take charge of the defense in this action and plead thereto any defense you may have which could be interposed by the Western Surety Company," and, further, "that if you fail so to do successfully, and judgment is rendered against the Western Surety Company, the Western Surety Company will require you jointly and severally to reimburse it for the amount of such judgment and any and all costs which it may incur in the premises," and, further, that "the said Western Surety Company will furnish any assistance in its power to you in the defense of said action, and will co-operate with you in the defense thereof." The defendants in this action neglected and refused to defend the action on the undertaking, and allowed judgment to be taken therein against the surety company, in settlement of which judgment the company on October 12, 1909, paid the sum of $1,035.05, and began this action against these defendants on the indemnity bond. Defendants, appellants here, urge two lines of defense: First, that the indemnity bond was without consideration because at the time it was executed on February 9, 1908, no undertaking had been given by the Western Surety Company, and that an indemnity bond against liablity on an undertaking given in a criminal action is against public policy and void; second, that prior to the forfeiture of the undertaking and the action thereon Myrtle Kelley had been taken into custody under an order of the circuit court of Davison county, and the surety company deprived of its right under the statute to take her into custody, and that the

surety company was thereby released from liability on its undertaking of bail.

[1] Appellants'· contention that the bond of indemnity was without consideration because made prior to the execution of the undertaking of bail by the Western Surety Company is wholly without merit.  It is apparent that the giving of this indemnity bond by defendants was in part at least the inducement accepted by the surety company as a consideration for assuming liability upon the bail bond of the accused.  Appellants' argument fails to observe the distinction between contracts of indemnity and contracts of guaranty or suretyship.  A contract of guaranty or suretyship is in a sense collateral to a principal existing contract, while a contract of indemnity is an independent contract to save another from loss upon some obligation which he has already incurred or is about to incur to a third person.  22 Cyc. 80.

[2] Nor are appellants in this case in position to urge that at the time they signed the indemnity contract the undertaking of the Western Surety Company had not been executed, and was not in existence.  The indemnity contract itself assumed and recognized the existence of the undertaking of bail on the part of the Western Surety Company, and appellants are estopped from denying its existence.  In 22 Cyc. 95, it is said: "The general rule that, if in making a contract the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract exists, is applicable to contracts of indemnity."

[3] Appellants' further contention that a bond of indemnity against liability on an undertaking given in a criminal action is void as against public policy cannot be sustained.  This precise question was before the Court of Appeals of New York in Moloney v. Nelson, 158 N. Y. 351, 53 N. E. 31, under statutes similar to section 590, Code of Criminal Procedure of this state, which reads: "A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail, and upon such deposit the defendant must be discharged from custody."  The court there says: "It is true that in some other jurisdictions, as is pointed

out in the very careful opinion of the Appellate Division, it has been suggested, if not decided, that it is against public policy to allow bail to become indemnified, the reason given being that the object for which the bail is required is to assure the appearance of the prisoner to answer the charge against him, and that necessarily the bail had a direct pecuniary interest in preventing the escape of the prisoner, which he would not have were he fully indemnified. That is not the public policy of this state; for the giving of bail in criminal cases is regulated by statute, and the Legislature has, by its provisions, provided that a personally responsible surety may be altogether omitted if the accused prefers to make a deposit of money. He may have his choice either to give a bond with sureties, or make a deposit of money. It is the loss of the money deposited, or the assurance that the sureties will be obliged to pay the amount of the bail, that is relied upon to secure the presence of the accused. It therefore cannot be said to be a part of the public policy of this state to insist upon personal liability of sureties, for there need not be such personal liability in any case if the accused make a deposit of money in lieu of bail, as provided by the statute."

[4] The thirteenth and fourteenth findings of fact are to the effect that at the April, 1907, term the circuit court of Davison county ordered the said Myrtle Kelley into the custody of the sheriff of said county, and thereupon the said sheriff did arrest and take into custody the said Myrtle Kelley, who was then sick, and took her to the hospital in Mitchell for medical treatment, and from there to her home in the same city, where he appears to have released her from his immediate custody. Appellant contends that upon these facts the surety company was released from liability, and that the trial court should have held defendants released and discharged from liability on the bond of indemnity. Respondent contends that these defendants are estopped from urging this defense by reason of their failure to interpose it in the action on the bail bond after notice to them and demand that they appear and defend. Clearly respondent is right in this contention. Appellants' argument is based upon the proposition that the provisions of our statute relating to indemnity do not apply to one

who undertakes to indemnify against liability of bail in a criminal action, but apply only to civil and commercial transactions.

No authorities are cited to sustain this contention and .we have found none which support it, nor do any reasons occur to us for thus limiting the application of the statute. Section 1959, Compiled Laws: "Indemnity is a contract by which one agrees to save another from a legal consequence of the conduct of one of the parties, or of some other person," while section 1965, subd. 4, provides that "the person indemnifying is bound on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matter embraced by the indemnity." Subd. 5: " If after request the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith is conclusive in his favor against the former." No question of good faith on the part of the surety company in failing to interpose the defense now urged in this action is presented by the record, nor is it made to appear that plaintiff was even aware of the existence of such alleged defense. Hence it is unnecessary to inquire whether a recovery against plaintiff in the action on the bail bond was suffered in good faith. It is not even suggested that this plaintiff by any connivance allowed a recovery in order wrongfully to fix a liability upon the indemnitors.

No error appearing in the record, the judgment and order of the trial court are affirmed.