EDWARD S. FRANKS ET AL. v. HERMAN C. FECHEIMER ET AL.

*Judgment for costs no bar to suit on merits—Discontinuance of appeal.*

Judgment for defendant for costs, on the ground that the claim sued was not yet due, is no bar to a new suit.

Where the judgment of a justice is pleaded in bar it may be shown not to have been upon the merits.

If a justice's judgment is for costs only, and is not upon the merits, and does not give defendant any substantial rights, the plaintiff, after appealing from it, may discontinue his suit, and on paying the costs can begin a new suit in the circuit if the case involves the jurisdictional sum.

Discontinuance of a suit after appeal is not a discontinuance of the appeal within the meaning of Comp. L., § 5456, which provides that on the discontinuance or dismissal of an appeal a justice shall proceed as if it never had been taken.

Error to Shiawassee. Submitted June 16. Decided June 23.

ASSUMPSIT for goods sold and delivered. A suit was brought before a justice and judgment given for defendant for costs, the only defense being that the account was not due. Plaintiffs appealed, but, after the appeal was filed, discontinued their suit and. paid the defendants' costs, and brought a new suit in the circuit to which defendants pleaded the justice's judgment in bar. It was conceded on the hearing that if the plea in bar was overruled, the plaintiffs were entitled to judgment for the amount. of their claim. Plaintiffs had judgment, and defendants bring error. Affirmed.

*McBride & Fraser* for plaintiffs in error.

*Goodell & Brown* and *A. Sloman* for defendants in error. Where a justice's judgment is pleaded in bar, evidence is admissible to show what was really in issue: *Lyman v. Becannon* 29 Mich. 466; *Emmons v. Dowe* 2 Wis. 332; *Royce v. Burt* 42 Barb. 655; *Hall v. Jones* 32 Ill. 38; *Sturtevant v. Randall* 53 Me. 149; *Barger v. Hobbs* 67 Ill. 592; Freeman on Judgments, §§ 273–4. A judgment cannot be used as an estoppel unless it is on the merits: id., § 260; *Taylor v. Larkin* 12 Mo. 103; *Bell v. Hoagland* 15 Mo. 360; *Houston v. Musgrove* 35 Tex. 594; *Blackwood v. Brown* 34 Mich. 4; *Tucker v. Rohrback* 13 Mich. 73; *Columbus & Shelby R. R. v. Watson* 26 Ind. 50; *Stilwell v. People* 49 Ill. 45; *Wilcox v. Lee* 26 How. 418.

MARSTON, C. J. Under the facts found by the court in this case the judgment must be affirmed. The plaintiffs had undoubtedly the right to show that the judgment of the justice of the peace was not on the merits. The court so found as a fact, and held that it would be no bar to the present action.

Plaintiffs in error rely upon Comp. L. § 5456, which provides that upon an appeal being discontinued or dismissed, upon the same being certified to the justice, he shall proceed as if no appeal had been taken. The appeal taken in this case was neither discontinued nor dismissed, but the plaintiffs, after the case was in the circuit, discontinued their suit. This they had a right to do. The judgment of the justice was one for costs against them only, and these they had paid on taking their appeal. The defendants had obtained no substantial right in the case when appealed which would preclude the plaintiffs and appellants from discontinuing their cause of action. Had the justice's judgment been one in favor of the defendants for damages and costs, and the plaintiffs had appealed therefrom, then whether in such a case the plaintiffs could discontinue and thus deprive the defendants of the substantial right which they had acquired by the judgment, may be a different question. In the present case we have no doubt but that on the facts found, the justice's judgment rendered against the plaintiffs, because the claim sued upon was not due at the time the action was commenced, would be no bar to the second suit.

The judgment must be affirmed with costs.

The other Justices concurred.