JAMES M. FOLLANSBEE *vs.* P. T. O'REILLY.

Worcester.     Oct. 6, 1882. — May 4, 1883.     C. ALLEN, COLBURN & HOLMES, JJ., absent.

If a broker, employed by A. to sell his house, effects a transaction by which A.'s house is bought by B., who sells his house to C., the purchase and the price paid by B. being dependent upon the purchase and the price paid by C., by whom the purchase money, the amount of which is the same in each, is paid directly to A., who pays the broker a commission for his services in selling A.'s house, the broker cannot maintain an action to recover a commission of C., even if he was employed by C. to buy a house for him.

CONTRACT for commissions and services in the purchase of a house for the defendant.     Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

The defendant is the Catholic bishop of the diocese in which the city of Worcester is situated, and holds in his name the title to all the church property.     In the spring or summer of 1880, he authorized the Rev. J. B. Primeau, pastor of the French Catholic church in Worcester, to purchase an estate adjoining the church, called the Willard estate, for a parsonage, which estate was purchased and conveyed to the defendant on October 2, 1880, and negotiations regarding the purchase were had through the plaintiff.

It was in evidence that the plaintiff had several interviews with Primeau relative to the purchase of this property, in August and September, 1880, and that Primeau reported these interviews to his church committee ; that at the first interview he authorized the plaintiff to purchase the estate for $10,000, and the interest on $2000 during the life of Mrs. Willard ; and that he afterwards receded from this, and was willing to pay only $10,000, the price for which the estate was finally bought.

It was also in evidence, that, some time in the same August, one D. W. Lincoln placed his house in the hands of the plaintiff for sale; that Mrs. Willard was unwilling to sell her house unless she could buy another which suited her, and, during the same August and September following, looked at several different houses, which were in the hands of the plaintiff for sale; and, among others, Lincoln's house, which she finally agreed to purchase for $10,000, and to sell her own house to the defendant for the same amount.

Primeau testified that he never employed the plaintiff to act for the defendant in any way; and that he never dealt with him except to negotiate with him from time to time as the agent of the owners of real estate with a view to the purchase of a house.

Lincoln testified that, before putting his house in the plaintiff's hands to sell, he had negotiated with Primeau and with Mrs. Willard, with a view to effecting an exchange, whereby she would take his house and the defendant would take hers and pay the price to him.

The plaintiff testified, on cross-examination, that it was understood in the negotiation, out of which the contract grew, that Mrs. Willard was to have Lincoln's house, and that whatever she should get for her place from the defendant should be paid to Lincoln.

It was proved that all the negotiations with the different parties were conducted by the plaintiff. The parties all met at the office of one Hill, who drew the deed for Mrs. Willard; and the purchase money was paid by Primeau directly to Lincoln. The plaintiff was paid a commission for the sale of the Lincoln house; but was not employed by Mrs. Willard to sell her house, and did not receive or claim any compensation from her.

The judge instructed the jury, among other things, as follows: "If the sale to Mrs. Willard by Lincoln, and the purchase from her by the defendant, were parts of the same transaction and contract, negotiated by the plaintiff acting as a broker in the employment of Lincoln, so that the sale of Lincoln's property to Mrs. Willard, and the price to be paid for it, were dependent upon the purchase of Mrs. Willard's property by the defendant, and the price to be paid for it by the defendant, the plaintiff cannot recover."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. L. Parker*, for the plaintiff.

*M. J. McCafferty*, for the defendant.

W. ALLEN, J.   If the plaintiff acted as a broker for the defendant in the purchase of the Willard house, he also acted as a broker for Lincoln in the sale of his house; and we understand the instructions to relate only to the question whether, in that case, the matters in which he acted for his two principals constituted one transaction, in which their interests were opposed to each other, within the principles laid down in *Farnsworth* v. *Hemmer*, 1 Allen, 494, *Walker* v. *Osgood*, 98 Mass. 348, and *Rice* v. *Wood*, 113 Mass. 133.   No question was made as to the knowledge of the principals that the plaintiff acted for both; the only question related to the character of the transaction.

If the plaintiff, acting for Lincoln, had so far negotiated a sale of his house to Mrs. Willard that she would buy it if she could sell her house to the defendant, and would pay for it the price which she should receive from the defendant; and if, acting for the defendant, he had so far negotiated the purchase of Mrs. Willard's house by him that he could have it for a price with which she could purchase the Lincoln house, the only thing remaining necessary to effect both sales would be that the prices for which Lincoln would sell and the defendant would buy should be the same.   The only parties to fix this price — the same price for the sale and the purchase — would be Lincoln and the defendant; and their interests would be conflicting. It is immaterial if the contract of sale was not between them. The one was a seller and the other a purchaser, and the price which the one would receive would depend upon the price the other would pay.   In acting to fix the same price for both, the plaintiff would necessarily act for both parties in a matter where their interests were opposed, as plainly as if the transaction had been in form what it was in effect, an exchange of houses between Lincoln and Mrs. Willard, and a sale of the Willard house by Lincoln to the defendant.

We think the instructions were correct, and were adapted to the evidence.                                    *Exceptions overruled.*