## J. T. HART v. BANK OF COMMERCE.

FILED MAY 5, 1897. No. 7204.

1. **Payment: EVIDENCE.** The evidence in this case *held* not to show an alleged payment pleaded by the plaintiff in error.

2. **Res Judicata: RECORD OF PROCEEDINGS.** To render the proceedings in a case a bar to a suit on the same cause of action there must in the first be a general finding and a final judgment.

3. ——: ——. Where the record in the first action shows that there were special findings only and that each of these was favorable to plaintiff, except one which showed the action to have been prematurely brought, and upon a recitation of these findings there

was a mere dismissal of the action by the court, *held* that this order of the court amounted to a mere discontinuance of the action and that this in no way operated to bar a subsequent suit on the same cause of action when it matured.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Affirmed.*

*E. Wakeley* and *A. C. Wakeley,* for plaintiff in error.

*E. J. Cornish, contra.*

RYAN, C.

In *Bank of Commerce v. Hart,* 37 Neb., 197, a judgment of the district court of Douglas county in favor of Hart was reversed because, as it was held, the cashier of the bank as such possessed no authority to receive stock of an insurance company in payment of a note of Hart, which by the bank had been rediscounted and was then held in New York, even though by the directors of the bank such payment had afterwards been ratified.   Of this cause when remanded there was another trial in which there was a verdict in favor of the bank in accordance with an instruction so to find.   In this proceeding to review the judgment entered on the verdict in favor of the bank there is no necessity that the facts of the case should be restated; a reference to our former opinion will supply whatever may be necessary to a complete understanding of the matters hereinafter discussed.

The theory of Mr. Hart on the trial now criticised was that the payment was not claimed as having been made to the bank in the ordinary course of business, but, as shown by his own testimony, Mr. Hart was practically insolvent, and therefore, that the cashier was justified under the unusual stress of circumstances in accepting as payment the insurance company stock transferred to him.   In the evidence there is no support for this theory. The stock was purchased by the cashier on his own ac-

count, and after the details had all been arranged Mr. Hart requested that the cash to be paid by the cashier be applied on Mr. Hart's note. Hart was then told that the note was held in New York, and the payment on the note was left to be made by the cashier when Hart's note should be returned. For one-half the par value of its stock the insurance company held Hart's notes, and the payment of these was assumed by the cashier individually as part of the purchase price, and by him they were afterwards taken up. It is not disclosed why Mr. Johnson, the cashier, failed to pay on the note what was due from him to Hart, but it is very clear that his default in this respect was in no way chargeable to the bank of which he was cashier. The plaintiff in error urgently insists that by a former adjudication the right to maintain this action was barred. The promissory note on which both actions were brought was dated April 11, 1887, and by its terms was due one year thereafter. On the 8th day of May, 1888, the first action was brought. The issues joined are sufficiently indicated by the answers to the special interrogatories embodied in the record which is now claimed to amount to a final judgment. This part of the record was in the following language:

"The motion for a new trial having heretofore been overruled herein and the cause coming on to be heard for judgment upon the verdict of the jury, and the jury having found specially as follows:

" 'First, was the note dated April 11, 1887, * * * upon which this action is based, changed after its execution by the insertion therein of the words, "Int. payable quarterly," without the consent or subsequent ratification of the defendant J. T. Hart? Answer: No.

" 'Second—Did the defendant J. T. Hart notify the Bank of Commerce or its cashier, at any time before said note by its face became due, that he desired or would require an extension of the time of payment for one year of the note in pursuance of the agreement relating thereto? Answer: Yes.

" 'Third—Did the defendant J. T. Hart and the plaintiff or its cashier accept on or about the 30th day of March, 1888, the sum of $14,105.46 to be applied as a credit upon the note in suit?   Answer: No.'

"It is therefore ordered and adjudged that this suit be, and the same is hereby, dismissed."

These interrogatories embraced all the issues presented in the original suit, and from an inspection of them it is clear that the only one which stood in the way of a recovery at that time of a judgment against Hart was that as to the agreement as to the extension of time one year from the maturity of the note then in suit.   By its terms, as already indicated, this was due April 11, 1888; the action was begun on May 8, 1888, that is, within the one year extension to which the maker was entitled under the special finding of the jury.   There was no final judgment.   The order was simply one of dismissal.

In *Taylor v. Larkin*, 12 Mo., 103, it was held that to constitute a former judgment a bar to a subsequent suit it must appear to have been a decision upon the merits of the case, and that as a judgment of nonsuit was not a decision of the merits it was no bar to the second action on the same cause.

In *Estep v. Larsh*, 21 Ind., 190, it was held that a judgment for costs on sustaining a demurrer to a complaint, where the plaintiff declined to amend and his action was therefore dismissed, could not be pleaded as a former recovery in bar of a subsequent action for the same cause, unless the record affirmatively showed that the merits were decided upon a demurrer.

In *Bond v. McNider*, 3 Ir. Law [N. Car.], 440, the entry by the court was "dismissed at the costs of the defendant." This was held not properly to be construed as a retraxit or a judgment upon the merits so as to bar another action for the same cause, but simply as a discontinuance.

In the first paragraph of the syllabus of *Foster v. Busteed*, 100 Mass., 409, is this language: "A petition for the enforcement of a lien on a vessel for labor performed in

its construction is not barred by a general decree dismissing a former petition to enforce the same lien, the answer to which alleged technical defenses against its maintenance, and which was submitted to the judgment of the court on agreed facts conceding the substance of those defenses as well as relating to the general merits of the cause."

In *Andrews v. School District*, 35 Minn., 70, it was held that to constitute a bar to a second action a former suit involving the same subject-matter or cause of action must have been determined upon the merits. This principle was applied where the alleged former adjudication arose upon consideration of a motion for "judgment upon the pleadings and evidence now before the court." This motion was granted and it was accordingly directed that judgment should be entered.

In *Lessee of Lore v. Truman*, 10 O. St., 45, the syllabus is as follows:

"1. Where a judgment or decree is relied on by way of evidence as conclusive *per se* between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein necessarily tried and determined.

"2. Where, in an action at law, a former decree in chancery dismissing a bill generally is relied on as an estoppel *per se* as to matters set up in the said bill, and it appears from the record that the said bill in chancery may well have been dismissed for want of jurisdiction, such decree of general dismissal does not, *per se*, estop the plaintiff therein from proving in the suit at law the matters relied on in the bill as ground for equitable relief."

In *Loudenback v. Collins*, 4 O. St., 251, it was held that to make the dismissal of a bill a bar it must have been upon the merits of the case and not merely for want of jurisdiction.

In *Cheney v. Cooper*, 14 Neb., 415, it was remarked that a "judgment to be conclusive must be final and upon the merits."

In *Slater v. Skirving*, 51 Neb., 108, it was held that where the dismissal in the first action had been on a general finding against the petitioners, each matter pleaded therein being pertinent to the second proceeding, the judgment in the first was conclusive of all matters involved in the second, and this, we take it, is the general rule of which the plaintiff in error seeks to avail himself. There was, however, no general finding in the original action in favor of Hart, neither was there a final judgment. There were special findings, all of which tended to sustain the cause of action described in the petition, except one, and it was merely to the effect that the action was prematurely brought. Under these circumstances the record in the first action showed that the dismissal was because of matter in abatement and not on account of any matter in bar.

As we have illustrated by the authorities cited, when the adjudication is such that there must be a mere discontinuance of the pending action, but not a bar of the cause of action therein described, there exists no reason why a second suit may not be maintained on the same cause of action as was described in the first. In closing his brief plaintiff in error seems to recognize the necessity of a final judgment to sustain the defense of *res judicata*, for he says: "The finding upon the question of payment of the $14,105.46 not being followed by a judgment based thereon, the defendant is not estopped to assist it in this action. This is elementary. (*Hawks v. Truesdell*, 99 Mass., 557.)"

There is found no error in the record and the judgment of the district court is

AFFIRMED.