STEARNS *v.* WIBORG.[1]

COURTS—FOREIGN JUDGMENT—RES JUDICATA.

> Where a court of another State, having obtained jurisdiction of the parties and the subject-matter of a suit on plaintiff's appeal from justice's court, set aside on defendant's motion, after argument, an *ex parte* order of dismissal theretofore granted to plaintiff, and rendered judgment for defendant for the amount awarded him in justice's court, the judgment was *res judicata* of the questions in issue, and a court of this State was not authorized, in a subsequent action, to enter upon an inquiry as to whether the statutes of such other State entitled plaintiff to dismiss as a matter of right; the decision of the foreign court upon such question of law being as conclusive as its decision upon questions of fact. GRANT and LONG, JJ., dissenting.

Error to Livingston; Smith, J.   Submitted January 10, 1900.   Decided April 3, 1900.

*Assumpsit* by Justus S. Stearns against Harry P. Wiborg and another for goods sold and delivered.   From a judgment for plaintiff, defendants bring error.   Reversed.

This suit is brought to recover for a bill of lumber for $261.02, alleged to have been sold by plaintiff to the defendants.   It was commenced by declaration filed July 13, 1898.   The sale was made through one Sprague, an agent for the plaintiff.   Defendants reside in Cincinnati, Ohio.   Plaintiff's place of business was Bennett, Mich., from which place the lumber was shipped.   The defense upon the merits is that defendants purchased the lumber from Sprague as principal, and not as agent; that they agreed to take the lumber to apply on an indebtedness due from Sprague to them; that such application was made in accordance with the agreement.

---

[1] Rehearing denied May 29, 1900.

Defendants gave notice of a former suit and judgment for the same cause of action, rendered in the Ohio court of common pleas for the county of Hamilton, State of Ohio. This suit was commenced before a justice of the peace, and was appealed by plaintiff to the court of common pleas in April, 1898. On May 26th following, the defendants, through their attorneys, made a motion for security for costs, and for a more definite and certain petition, which motion was heard and granted on June 4th. On June 11th the court, on motion of the plaintiff, and without notice to the defendants, entered an order dismissing the cause without prejudice to future action; the costs therein having been paid by the plaintiff. On July 18th, after arguments by counsel for both parties, the court entered an order as follows: "It appearing that the entry of June 11, 1898, dismissing this cause, was inadvertently made, the same is hereby set aside and held for naught." On July 21st defendants' counsel entered a motion for judgment in their favor for the failure to comply with the order of June 4th. This motion was also argued by counsel for both parties, and on August 30, 1898, a judgment was entered in the following language:

"This cause coming on for hearing on the motion of the defendants for judgment, and upon the pleadings and evidence, and was submitted to the court, in consideration whereof the court find for the defendants, and that they recover from the plaintiff the sum of five dollars and sixty cents ($5.60), as was adjudged upon the hearing of this cause before the justice of the peace; and execution is awarded for said sum, and also for the costs herein expended, taxed at $———."

Plaintiff insists that the Ohio court had no jurisdiction to enter the judgment; that the order of discontinuance was valid, and deprived the court of any further jurisdiction in the matter. Counsel for plaintiff rely upon section 5314 of the Ohio Statutes, which, so far as applicable here, provides that:

"An action may be dismissed without prejudice to a future action—

"1. By the plaintiff, before the final submission of the case to the jury, or to the court, when the trial is by the court.    *    *    *

"6. By the plaintiff, in vacation, on payment of costs; and the clerk in such case shall forthwith make an entry thereof on the journal, whereupon the dismissal shall take effect; but this clause shall not apply to a petition in error, or a case in which a counterclaim or set-off has been filed.

"In all other cases the decision must be upon the merits, upon the trial of the action."

The defendants insist that the order of discontinuance was absolutely void, under section 6589, 2 Rev. Stat. Ohio, which reads as follows:

"If the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such an appeal to be docketed, according to the provisions of this chapter, shall fail to file a petition, or otherwise neglect to prosecute the same to final judgment, so that such plaintiff shall become nonsuit, it shall be the duty of the court to render judgment against such appellant for the amount of the judgment rendered against him by the justice of the peace, together with interest accrued thereon, and for costs of suit, and to award execution therefor as in other cases."

Section 6587 of the same statute has an important bearing upon the question. It reads as follows:

"The plaintiff in the court below shall be the plaintiff in the court of common pleas, and the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court."

Section 5315 provides:

"If a set-off or counterclaim be pleaded, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff has dismissed his action or fails to appear."

When the plaintiff had rested, defendants' counsel moved for a verdict, for the reason that plaintiff had not made out such a case as entitled him to recover. This

motion was denied. Defendants then introduced their testimony upon the merits, and the transcript of the record of the proceedings and judgment in the Ohio court. When both sides had rested, the court asked counsel for the defendants if he desired to renew any motion, to which counsel replied:

"I made the motion, when the plaintiff rested his case, to have the jury instructed to find a verdict for the defendants, for the reason that the plaintiff had not made a case entitling him to any judgment at the hands of the jury. I thought at that time that that was so, and I think so now more strongly. I should like to request at this time that the court instruct the jury to find a verdict of no cause of action against the defendants. Unless your honor would desire to hear me, I won't spend any time in discussing the motion. If your honor requests me to do so, I will take some time to discuss it."

The judge then stated that there was but one question of fact to be decided; that he did not then have time to listen to argument, or to examine the questions raised; that he would take the verdict of the jury upon the question of fact, and determine the legal questions subsequently, if the jury rendered a verdict against the defendants. To this course no objection was made otherwise than by exception to the refusal to direct a verdict and to the statements of the court. Subsequently, briefs upon the question were presented to the court, and the court made a finding reciting (1) the verdict of the jury, (2) the Ohio judgment, (3) the contention of the parties upon the effect of that judgment, and (4) that it did not constitute a bar to the present cause of action; and thereupon entered judgment for the plaintiff. To this finding and judgment no exceptions were taken, as required by Cir. Ct. Rule No. 26. Plaintiff had verdict and judgment.

*William P. Van Winkle*, for appellants.

*Hyde, Earle & Thornton*, for appellee.

Grant, J. (*after stating the facts; dissenting*). In my opinion, this case should be considered as one tried by the court, with a special finding of the jury upon the only disputed question of fact involved. Defendants' counsel did not move to direct a verdict upon the ground that the Ohio judgment was a bar, but renewed the motion that he had made before the proceedings in that suit had been introduced in evidence. Having failed to take any exceptions to the findings of fact or law, I do not think the defendants are in position to attack the judgment. My brethren, however, think otherwise, and it becomes necessary, therefore, to determine the question arising upon the Ohio judgment.

That the judgments of the courts of one State upon the merits between the same parties and for the same cause of action are binding upon the courts of a sister State, where the former court had jurisdiction to render judgment, is unquestioned. Such judgments are *res adjudicata*, and bar the right of action in other States. It is unquestionable that there was no trial upon the merits in the common pleas court of Hamilton county. The most that defendants' counsel urges is that there was a trial upon the merits in the justice's court, and that under section 6589, 2 Rev. Stat. Ohio, the court was authorized to render judgment for the amount of the judgment in the justice's court. Were it not for the order of discontinuance, defendants' contention might be sound. It is the general rule that a judgment by dismissal or nonsuit is no bar to another suit for the same cause of action. Was plaintiff entitled to his order of dismissal of June 11th? If he was, that deprived the court of any further jurisdiction in the matter. We are cited to no authority by the court of last resort in Ohio upon the question, and, after a careful search, I am unable to find any. Section 6587 requires the case to be conducted in the court of common pleas in the same manner as though it had been instituted in that court. It was decided in *Wanzer* v. *Self*, 30 Ohio St. 378, that an appeal from a county court vacated the judgment of the

court below.　We are of the opinion that section 6589 provides for a judgment based upon the proceedings in the justice's court only where the appellant remains idle, and takes no further steps to prosecute his appeal, and does not apply when the plaintiff has dismissed his suit under section 5314.　We do not think this is in conflict with sections 5314 and 6587.　Besides, section 6589 provides only for a judgment of nonsuit when plaintiff has failed to prosecute his appeal.　A judgment of nonsuit is not, and cannot be, a judgment upon the merits.

The statute of Missouri provides: "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error, defect," etc.　2 Rev. Stat. Mo. § 6339.　Under this statute it was held that a judgment of nonsuit, granted by the court on the request of the plaintiff, did not constitute a bar to another action.　*Lee* v. *Kaiser*, 80 Mo. 431; 1 Van Fleet, Former Adj. § 53; *Hughes* v. *U. S.*, 4 Wall. 232. The same is held in Vermont.　*Small* v. *Haskins*, 26 Vt. 209.　Our own statute is not materially different from section 6587, 2 Rev. Stat. Ohio, and our courts have recognized the right of the plaintiff in such cases to submit to voluntary nonsuit.　1 Comp. Laws 1897, § 918; *Franks* v. *Fecheimer*, 44 Mich. 177 (6 N. W. 215).

When the want of jurisdiction appears upon the face of the proceedings, the judgment is not binding upon other courts.　The only restriction upon the right of the plaintiff to discontinue his suit is found in section 5315, 2 Rev. Stat. Ohio, where the defendant has pleaded a set-off or counterclaim.　In such case the defendant is entitled to retain the case for the trial of his own claim, notwithstanding that plaintiff has dismissed his action or failed to appear.

We are therefore of the opinion that the judgment of dismissal in the Ohio court was a matter of absolute right, and deprived the court of further jurisdiction.

Exceptions were taken to the introduction of certain tes-

timony.   We find no error in the rulings of the court on these questions.   It is not important to discuss them.

Judgment should be affirmed.

LONG, J., concurred with GRANT, J.

MONTGOMERY, C. J.   The facts are fully stated in the opinion of Mr. Justice GRANT.   It is undoubted that the Ohio court of common pleas obtained jurisdiction of the parties and subject-matter.   This being so, that court had the authority to determine the form of judgment to be entered.   The parties appear to have so understood the law; had submitted to that court the question whether the order of dismissal of June 11th should stand, or whether a final judgment should be entered.   The court ruled against the plaintiff, and entered a judgment for defendants. Whether right or wrong, this judgment is binding upon us.   The decision of that court upon a question of law is just as conclusive as it is upon a question of fact.   *McNitt* v. *Turner*, 16 Wall. 352.

The judgment is reversed, and a new trial ordered.

HOOKER and MOORE, JJ., concurred with MONTGOMERY, C. J.