### FREDERIC E. BARTON *vs.* ALICE F. POWERS.

Suffolk.    November 17, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Agency.    Broker.    Contract.*

If a broker, acting for the owner of a house in the transaction of exchanging it for a yacht, in order to bring about the exchange persuades his principal to yield a little for his own interest, and thus performs services which incidentally benefit the other side, no contract can be implied from this on the part of the owner of the yacht to pay the broker a commission.

CONTRACT by a real estate broker for a commission alleged to be due to him for effecting an exchange of a house belonging to one Lewis J. Bird for a yacht belonging to the defendant. Writ dated June 14, 1902.

In the Superior Court the case was tried before *Wait,* J., without a jury. The judge refused the defendant's requests for rulings, and ruled in substance that on the facts shown there was an implied obligation on the part of the defendant to pay the plaintiff the commission claimed by him. He found for the plaintiff in the sum of $153.67; and the defendant alleged exceptions.

In addition to the facts stated by the court the following only are necessary : Smythe, referred to near the end of the opinion, was a person not a broker who acted as the defendant's agent in

the transaction. Barton, the plaintiff, testified that on one occasion Smythe called him up on the telephone and said " I want you to hurry that matter up. It is hanging, and if it don't go through before a certain time, I shall call it off. I want you to look out for my interest in the matter." Smythe, called as a witness for the plaintiff, admitted that he said he wanted Barton to hurry things up, but not particularly in his interest, that his purpose in hurrying the matter was due to the season being late, and that he had another customer who was negotiating for the boat.

*T. F. Reddy*, (*J. D. Graham* with him,) for the defendant.

*H. M. Williams*, for the plaintiff.

HAMMOND, J. There was no evidence of an express contract to pay the plaintiff, and we are of opinion that the evidence is insufficient to warrant a finding of an implied contract.

The defendant did not hire the plaintiff to act as her broker. She knew that he was the broker for the other side, and that of course it was his duty to secure the yacht on terms as favorable to Bird and as unfavorable to her as he could. She knew also that, as in the case of any proposed exchange, there might be considerable preliminary work upon both sides, but she had no reason to suppose that in doing such work and in trying to bring the parties to an agreement the plaintiff was working for her and as her broker. It might well be that the plaintiff, for the purpose of bringing about an exchange, would try to persuade Bird, his principal, that it was for his own interest to yield a little, and that the plaintiff's efforts in that direction might have resulted in a trade more favorable to the defendant than otherwise would have been obtained, and further, that she may have known of these efforts and the result and have reaped the benefit by entering into the contract of exchange. Yet no contract would be implied from all this. She would have the right in such a case to consider the efforts of the plaintiff, as made on behalf and in the interest of his own principal, and not on her behalf and for her interest.

The plaintiff through his agent approached the defendant, not for the purpose of acting in her behalf but for the purpose of treating with her in the interest of the other side. There is no evidence that the plaintiff ever announced to her, before the

completion of the contract of exchange, any change in his attitude or indeed that there was any change. Under such circumstances, even if some of his efforts seemed to be valuable to her, there is nothing in the evidence, as it seems to us, which would warrant a finding that she knew or ought to have known that they were performed for her or with a view to benefit her or in any way upon her account. The presumption, on the contrary, was that he was working in the interest of his principal, and the fact that in so doing he helped her is not sufficient to overcome the presumption ; and there does not seem to be anything more in the case.

The evidence that her agent expressed his appreciation of the services of the plaintiff's agent in the matter, " while negotiations were going on, and thanked him for the same," must be taken under the circumstances simply as one of the courtesies of life, and not as a recognition of an obligation to pay. Barton's statement, also, of what Smythe said to him over the telephone is insufficient to turn the scale against the defendant.

We think that the defendant's request that on all the evidence the plaintiff is not entitled to recover, should have been given. See *Follansbee* v. *O'Reilly*, 135 Mass. 80.

*Exceptions sustained.*