WILLIAM M. BURR *vs.* BEACON TRUST COMPANY
& (before discontinuance) another.

Suffolk.   January 18, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Agency,* Conflicting interests.   *Broker.*   *Contract,* Validity.

The clerk of a person who has borrowed money from a bank, on collateral which the bank considers of insufficient value, properly can act as agent of the bank in procuring a person to purchase the loan from the bank, where each employer knows of his employment by the other, and a promise of the bank to pay the clerk a commission for performing this service is enforceable against it, the original borrower having no interest antagonistic to that of the bank in the transaction and the general employment of the clerk requiring the performance of separate and different duties from those which he performs as agent of the bank.

CONTRACT for $500 as a commission promised to the plaintiff by the defendant trust company for procuring a person to take a certain loan off its hands.   Writ dated August 29, 1901.

At the trial in the Superior Court before *Wait,* J. the plaintiff discontinued as to John A. Gale, president of the trust company, joined as a defendant, and the case proceeded against the defendant trust company alone.   The jury returned a verdict for the plaintiff in the sum of $573.50; and the defendant alleged exceptions to the refusal of the judge to make certain rulings which are stated in the opinion of the court.

*M. Dolan,* for the defendant.

*C. W. Bartlett & J. P. Russell,* for the plaintiff, were not called upon.

LORING, J.   This is an action to recover a commission of $500 which the defendant, through its president, promised to pay to the plaintiff if he would get some one to take up loans to the amount of $60,000 which the defendant had made to one Carden on pledge of certain wool as collateral.   The evidence warranted the jury in finding that the plaintiff was a clerk employed by Carden, and that on one occasion he called at the defendant's banking rooms in Carden's behalf, as to $25,000 of this loan, which Carden wished to have renewed.   In connection with this application of Carden for a renewal the wool was valued, and

the defendant asserted that the value was not sufficient to make the loan a desirable one. At an interview in this connection between the plaintiff acting for Carden and the defendant's president, the president offered to pay the plaintiff $500 if he would get some one to take up the whole loan. This was reported by the plaintiff to Carden, and Carden "told him to go ahead and see if he could do it, that he would be very glad to have him earn the money." The loan was taken up by some one procured by the plaintiff, and the $500 was demanded by him of the defendant. Upon the defendant's refusing to pay it this action was brought.

The jury were told in substance that to recover the plaintiff must satisfy them that he was employed by the defendant, and with the understanding that he should be paid for his services by the defendant; that if he attempted to act for or serve directly or indirectly both seller and buyer he could not recover, and that he must show that he had no interests of any party in the transaction antagonistic to those of the defendant.

In addition the defendant asked for the following rulings, which were refused: "1. Upon all the evidence, the plaintiff is not entitled to recover"; "6. The plaintiff must show that in rendering any services to the defendant he acted in entire good faith towards the defendant, and solely in its interest and not in the interest of any other person"; "8. The plaintiff must be considered the agent of the party by whom he was originally employed"; "10. If you find that the plaintiff, at or during the time of the transaction, was in the employ of Carden, and was acting within the scope of his employment in his dealings with the defendant Gale, you may assume that he was working in the interest of his employer, Carden; 11. If you find that the defendant knew of the plaintiff's employment with Carden, the defendant had a right to assume that the plaintiff was acting solely for and in the interest of Carden."

The only argument made in support of these rulings is that the plaintiff was acting solely in Carden's interest and not in the interest of the defendant, and therefore the plaintiff cannot recover.

The transaction for which the defendant agreed to pay the plaintiff this commission of $500 was finding a customer to buy

from it Carden's notes in amount of $60,000. Carden had no interest in that trade as a trade, and it is only in that sense that the rule applies forbidding a broker to act when he has, or is acting for one who has, an antagonistic interest. The only party who had an interest antagonistic to that of the bank was the purchaser, and it is not pretended that the plaintiff acted for him.

The duties owed by the plaintiff as a clerk to his employer, Carden, are different from those which he assumed when he undertook to find a customer for Carden's notes held by the defendant trust company. As his relation to each was known to the other, there is nothing in the cases cited by the defendant (*Rice* v. *Wood*, 113 Mass. 133; *Holcomb* v. *Weaver*, 136 Mass. 265; *Alvord* v. *Cook*, 174 Mass. 120; *Veasey* v. *Carson*, 177 Mass. 117) which made it necessary to give any of the rulings requested.

No other argument has been made in support of them.

*Exceptions overruled.*