ALEXANDER I. PECKHAM *vs.* JOHNSON W. RAMSEY,
administrator.

Suffolk.    December 9, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Attorney at Law.*

There is no inconsistency or impropriety in an attorney at law, with the knowledge
and consent of all persons interested, acting for a plaintiff in procuring a judg-
ment for damages for personal injuries against a certain defendant, and, after
that defendant's death, acting for the administrator of his estate in prosecuting
successfully a suit in equity to obtain possession of certain property and money
belonging to his estate, a part of which thereupon is applied to settling the judg-
ment obtained against the intestate in the action for personal injuries, the at-
torney receiving the payment in behalf of his client in that case.

CONTRACT for the sum of $100 and interest as compensation
for professional services as an attorney at law alleged to have
been rendered to the defendant as administrator of the estate of
William G. Russell, late of Boston, who had been a hotel pro-
prietor and real estate dealer.    Writ in the Municipal Court of
the City of Boston dated January 15, 1909.

On appeal to the Superior Court the case was tried before
*Fox,* J.    It appeared that in the year 1903, during the lifetime
of William G. Russell, the plaintiff brought two actions against
Russell in behalf of one Catherine L. Walker, the administratrix
of the estate of Elizabeth M. Walker, late of Boston, in the
Superior Court for personal injuries alleged to have been re-
ceived by Elizabeth M. Walker during her lifetime.

Pending this litigation, but after the plaintiff had prosecuted
the actions to verdicts in favor of Catherine L. Walker, Russell
died intestate, and the defendant was appointed the adminis-
trator of his estate, and thereafter appeared and assumed the
defense of the two suits.    The plaintiff appeared in the Probate
Court as attorney for Catherine L. Walker, who filed a petition
in that court, representing herself to be a creditor of the estate
of Russell and praying that the defendant should be required to
give a new bond with different sureties and in a larger sum than
that fixed by the Probate Court, and the defendant agreed to

give a new bond with new sureties. This was not done, as a settlement was effected between the defendant and the plaintiff, acting for Catherine L. Walker.

It appeared that a bill in equity was brought by the defendant in the Superior Court to get possession of property for the Russell estate, the plaintiff appearing as counsel of record for the present defendant. As a result of this bill in equity an agreement under seal was entered into between the defendant as administrator of the estate of William G. Russell, William H. Russell, the only heir of William G. Russell, deceased, and Catherine L. Walker, administratrix as aforesaid, by which, upon the payment of a sum of money to the plaintiff smaller than the amount of the two verdicts, the exceptions in the two actions would be waived and a judgment entered for the plaintiff Walker.

In making this agreement and by the terms of the agreement, the plaintiff acted as the attorney of Catherine L. Walker, and the money to be paid under the agreement was to be by the terms of the agreement, and was in fact, paid to the plaintiff as the attorney of Catherine L. Walker.

In consequence of the suit in equity, certain property and money came into the hands of the defendant as administrator of the estate, a part of which was applied to the payment of the judgments in accordance with the terms of the agreement.

The plaintiff, before the bringing of the bill in equity and pending the proceedings incident to the recovery of the money and property, furnished valuable information and assistance to the present defendant, both in the drawing of the bill and in the investigation incident thereto and to said proceedings. He also rendered services to the defendant as administrator after the agreement in settlement was signed, but before the terms thereof had been fulfilled and the payments provided thereby had been made, in a proceeding in the Probate Court described in one item of the declaration.

The foregoing constituted the services for the recovery of which this action was brought.

There was evidence from which the jury might have inferred that the services were rendered at the request of the defendant and that the defendant agreed to pay the plaintiff for them.

The plaintiff introduced evidence, subject to the defendant's

objection and exception, that Catherine L. Walker was informed by the plaintiff of the fact that he had been requested by the defendant to perform the services mentioned in the declaration, and that before undertaking the performance of these services, she (Walker) was told by the plaintiff of the request made by the defendant, and that he would charge the defendant and not charge her for such services, if undertaken, that she assented to such arrangement, and that he then performed the services and did charge the defendant and did not charge her. The facts above set forth were substantially all the facts necessary to the determination of the questions raised by the defendant at the trial and in the bill of exceptions and were the substance of all the evidence introduced at the trial.

At the conclusion of the evidence, the defendant asked the judge to give the following instructions to the jury:

1. Upon all the evidence, the verdict should be for the defendant.

2. If the jury find that at the time the plaintiff performed the alleged services set forth in his declaration, or any part of them, he was acting as attorney for any other person, he cannot recover from the defendant.

4. The fact that the plaintiff appeared as counsel for a creditor in the Probate Court, in reference to the administration of the Russell estate, precludes him from being counsel for the Russell estate during the time that he is acting as counsel of a creditor aforesaid.

5. The contract alleged to have been [made] between the defendant and the plaintiff would be void as against public policy.

6. If the jury find that an agreement was in fact entered into between the defendant and the plaintiff, whereby the plaintiff was to render the services set forth in his declaration, then such an agreement would be void as against public policy.

The judge refused to give any of these instructions, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $113.45. The defendant alleged exceptions to the refusals of the judge to give the instructions requested by him and to a portion of the charge " wherein the jury were instructed that it was proper for the plaintiff to render services, render the services in question, and also that portion of the

charge wherein the jury were instructed that there was no, in substance, there was no inconsistency in the position of the plaintiff as attorney for the Walker estate in rendering the services in question to the Russell estate."

*S. R. Cutler*, for the defendant.

*A. I. Peckham, pro se*, was not called upon.

SHELDON, J.   The instructions requested by the defendant were rightly refused, and those that were given to the jury were full and accurate.   The services recovered for were rendered by the plaintiff to the defendant and charged for accordingly with the full knowledge and consent of both the defendant and Miss Walker.   There was nothing inconsistent in the duties which he then owed to the several parties.   It was perfectly proper for the plaintiff to seek to obtain for the defendant money to which the latter was entitled, that he might use it in settling with Miss Walker and otherwise, as he should see fit.   The plaintiff was not acting for both parties in any matter which was in dispute between them.

The evidence introduced by the plaintiff under the exception of the defendant was competent and material to show that it was understood and agreed to by all parties that the services now in question were rendered to the defendant and to be paid for by him.   *Walker* v. *Osgood*, 98 Mass. 348, 352.   *Burr* v. *Beacon Trust Co.* 188 Mass. 131, 133.   *Rupp* v. *Sampson*, 16 Gray 398.

*Exceptions overruled with double costs.*