# BARNETT v. WORRELL.

No. 4046.   Opinion Filed April 20, 1915.

(148 Pac. 143.)

1.   JUDGMENT—Res Judicata—Rent.   In an action for rent, where there is a controversy as to the nature of the tenancy, and in which the contention of the defendant is sustained, a judgment for the plaintiff for the amount due at the time the suit was brought, according to the theory of the defendant and in his favor as to the balance agreed to be paid, because not due, is not a bar to a subsequent action by the plaintiff against the defendant, to recover the balance due, after the cause of action accrued therefor.

2.   JUDGMENT—Res Judicata—Determination.   In ascertaining what was determined by a judgment on the question of former adjudication, the inquiry is not limited to the mere formal judgment, but extends to the pleadings, verdict, or findings.

3.   APPEAL AND ERROR—Trial on Agreed Statement—Decision on Appeal.   Where a case is tried on an agreed statement of facts, and is reversed on appeal, by the appellate court, it may direct the trial court to set aside the former judgment and enter the judgment that should have been entered in the first place.

(Syllabus by Dudley, C.)

*Appeal from County Court, Garfield County;*

*Winfield Scott, Judge.*

Action by G. W. Barnett against L. F. Worrell.   Judgment for defendant, and plaintiff brings error.   Reversed and rendered.

*A. L. Zinser,* for plaintiff in error.

*H. J. Sturgis,* for defendant in error.

DUDLEY, C.   This is an appeal from the county court of Garfield county.   On November 25, 1911, the plaintiff in error, hereinafter referred to as the plaintiff, commenced this action in

the justice court of Enid before S. H. Bradley, justice of the peace, against the defendant in error, hereinafter referred to as the defendant, to recover judgment for the sum of $165, balance due for rent, with interest thereon at 10 per cent. from October 1, 1911, and cost of suit, including an attorney's fee. The defendant answered, pleading a former judgment in the superior court of said county as a bar to this action. On December 27, 1911, the case was tried, resulting in a judgment in favor of the plaintiff for the amount sued for, and from this judgment the defendant appealed to the county court; that thereafter, and on April 12, 1912, said case was tried in the county court upon an agreed statement of facts, resulting in a judgment in favor of the defendant, the court holding that the judgment of the superior court of Garfield county was a bar to this action. From this judgment the plaintiff has perfected an appeal to this court, and assigns as error the action of the trial court in rendering judgment in favor of the defendant, on his plea of former adjudication, upon the agreed statement of facts. If this action is barred, as was held by the trial court, its judgment should be affirmed; otherwise it should be reversed, with directions to enter a judgment for the plaintiff for the amount sued for.

The facts, as stated in the agreed statement of facts, are substantially these:

On February 25, 1910, the plaintiff, by written contract, leased his farm, situated in said county, consisting of 160 acres, 90 acres in cultivation, and the remainder, or at least 60 acres thereof, being pasture land, to the defendant, for a term of one year, beginning March 1, 1910, for a rental of $245, payable $30 in the spring, $50 July 1, and $165 October 1, 1910, evidenced by promissory notes for the respective amounts. The lease contract was in the usual form. The defendant entered into possession of said premises, under said contract, used and occupied the same for said term, and paid the rental therefor, At the expiration of said lease contract no written contract was

entered into for the following year, but the defendant held over, remained in possession of said premises for another year, used and occupied the same during said time and received the income therefrom. That at or shortly prior or subsequent to the expiration of said lease contract on March 1, 1911, the plaintiff and defendant had some negotiations with reference to a renewal of said lease for another year beginning March 1, 1911, but no written lease was ever entered into between them. During the fall of 1910 the defendant sowed 90 acres of said premises to wheat, and harvested the same in the usual season of 1911.

On July 6, 1911, plaintiff brought suit in the superior court of said county against the defendant to recover: (1) The balance claimed to be due on the original lease contract; (2) damages for waste and the reasonable rental value of the premises during the time defendant used and occupied the same from the expiration of the original lease; and (3) for possession of said premises. The defendant filed an answer, which, omitting the caption and prayer, is as follows:

"Now comes the defendant, and for his answer to the petition of plaintiff says that he denies each and every allegation in said petition contained, except such as are hereinafter admitted; that defendant admits that he rented said land under the terms and conditions of the written contract set out in said petition, but alleges that he fully paid said rent according to the terms of said lease.

"The defendant further says that he rented said land for another year, and it was agreed that the terms should be reduced to writing and the rent should be the same and paid at the same periods as that provided in the old lease, but said plaintiff failed to prepare and present said written contract, and defendant held over under the oral agreement; that there was due under said lease the sum of $30 in the spring, and defendant tendered said sum which was refused by the plaintiff, and that said lease provided for the payment of $50 July 1st; that at that time defendant tendered to the plaintiff the sum of $80, and the same was refused, and the defendant herewith tenders into court said sum of $80 for the use of plaintiff in payment of rent now due.

Defendant alleges that the balance of rent under said lease is not due until October 1, 1911."

The plaintiff replied by way of general denial, and on the issues thus joined the case was tried to a jury, resulting in a judgment for the plaintiff for the sum of $80, and cost, upholding the contention of the defendant. The judgment became final, and was paid by the defendant. On October 1, 1911, the plaintiff made demand upon the defendant for the payment of the $165, balance rental according to defendant's contention, and the demand was refused. Following this, and on November 25, 1911, plaintiff commenced this action in the justice court against the defendant to recover said sum. The defendant answered, pleading the judgment of the superior court as a bar. He lost in the justice court, but on appeal to the county court his contention was sustained.

The agreed statement of facts sets out the pleadings in the superior court, the instructions of the court, the verdict of the jury, and the judgment of the court based thereon. In addition to this, it is stipulated:

"It is further admitted by the defendant that after the expiration of the time mentioned in his contract and lease with the plaintiff for the year 1910, he remained in possession of the land and cultivated the same, planted it to a crop of wheat in the fall of 1910, which was harvested in 1911, at the usual season, and that he has made no payments on account of the use of the land for the year 1911, except in so far as the same may be covered by the judgment rendered in the case in the superior court. Prior to the bringing of this suit, plaintiff demanded of the defendant the sum of $165 rent for the use of said premises during the year 1911, in addition to the judgment for $80 which the plaintiff had recovered, and that payment was refused by the defendant."

It was the theory of the plaintiff in the superior court that the defendant was using and occupying said premises without any contract, and he therefore sued, in one count, to recover the

reasonable rental value of the premises for the time the same was used and occupied by the defendant since the expiration of the old lease.    He also sought to recover possession of said premises, but the question of possession was withdrawn from the jury by the superior court, with the consent of both parties.    It was the theory of the defendant that he was to use and occupy said premises for another year, under the same terms and conditions of the old lease contract, and that the payments were to be made at the same time and in the same manner; that he tendered the first two payments but the last payment of $165 was not due until October 1, 1911, and he therefore tendered into court $80, the amount of the first two payments, and claimed that the remainder of the rental, to wit, $165, was not due when the suit was brought, and would not become due until October, 1911, and therefore the plaintiff could not recover for said sum in that action.    The superior court submitted these two theories to the jury, under appropriate instructions, and the jury found that defendant's theory was correct, and rendered judgment in favor of the plaintiff for the amount then due on the rental contract.    Upon defendant's theory of the case, the superior court instructed the jury as follows:

"You are further instructed, gentlemen of the jury, that if you believe and find from the evidence that there was a contract and agreement between plaintiff and defendant concerning the rental value of the farm for the year 1911, you are then instructed that there is $80 due the plaintiff upon that contract, and your verdict should be for the plaintiff for the amount of $80, without interest, being the amount past due under the contract."

"You are further instructed that, if you find that there was an agreement between the parties with reference to the year 1911, as stated in the foregoing instruction, then the amount of rent which the plaintiff would be entitled to receive in excess of said amount of eighty ($80.00) dollars would be the sum of one hundred sixty-five ($165.00) dollars, and the same would not be due until the 1st day of October, 1911, and for that sum the plaintiff would not be entitled to recover judgment in this

action, for the reason the same was not due at the time the action was brought."

The defendant contends that the judgment of the superior court is a complete bar to this action. We do not think so. In ascertaining what was determined by the superior court judgment, we are not limited to the judgment itself, but may look to the pleadings and the findings of the jury. *McDuffie v. Geiser Mfg. Co. et al.,* 41 Okla. 488, 138 Pac. 1029. We think the judgment of the superior court determined: (1) That there was nothing due plaintiff upon the rental contract of 1910, as set forth in the first count of his petition; (2) that the defendant was using and occupying the premises for 1911, under the terms and conditions of the contract of 1910, and that there was due the plaintiff the sum of $80, and the remainder of the rental, to wit, $165, would not become due until October, 1911, and that therefore the plaintiff was not entitled to recover that amount, because it was not due at the time the suit was brought; and (3) that the tender of $80 was not made by the defendant, as pleaded, and therefore judgment was rendered against him for $80, and cost. In other words, it determined what the contract really was between the plaintiff and the defendant; that the defendant was to pay $245 for said premises for 1911; that there was $80 due and unpaid at the time suit was brought, and the remainder, to wit, $165, would not become due until October, 1911; and that therefore the plaintiff could not recover it in that action. This was the contention, in substance, of the defendant in the superior court. He prevailed there. The plaintiff acquiesced in the judgment, and brought this suit to recover the balance of the rent, in accordance with that judgment, after it became due and payable, and the judgment in the superior court is not a bar to this action. The defendant used the farm for 1911, for which he agreed to pay, according to his own pleading, the sum of $245. He has paid $80, and judgment was not rendered against him in the superior court for the balance, because it was not due. If he should prevail here, he

would get the use of the plaintiff's farm for the year 1911 for $80. His position is inequitable and unjust. He voluntarily assumed a position in the superior court, and succeeded in maintaining that position. The plaintiff acquiesced in it, and the defendant cannot assume a different position here.

"Where one voluntarily assumes a certain position in a legal proceeding, and succeeds in maintaining that position; he will not thereafter, because his interests have changed, be permitted to assume a contrary position to the prejudice of a party who acquiesced in the position formerly taken by him." (*Territory v. Cooper*, 11 Okla. 699, 69 Pac. 813.)

In the action in the superior court the plaintiff did not recover the balance due as rental for his farm for the year 1911, because the action was prematurely brought as to the payment maturing October 1, 1911, and after this payment matured, he had a right to sue to recover the same, and the judgment in the former action is not a bar. 11 American Digest, Decennial Edition, title "Judgments," sec. 563 (3); *Bacon et al. v. Schepflin et al.*, 185 Ill. 122, 56 N. E. 1123; *Waterhouse et al. v. Levine*, 182 Mass. 467, 65 N. E. 822; *Seaton et al. v. Hixon et al.*, 35 Kan. 663, 12 Pac. 22; *Franks et al. v. Fecheimer et al.*, 44 Mich. 177, 6 N. W. 215; *Untereiner v. Shepard*, 52 La. Ann. 1809, 28 South. 319; *McNees v. Southern Insurance Co.*, 69 Mo. App. 232; *Hart v. Bank of Commerce*, 51 Neb. 486, 71 N. W. 40; *Moloney v. Nelson*, 158 N. Y. 351, 53 N. E. 31; *Clifton v. Meuser*, 88 Kan. 408, 129 Pac. 159, 43 L. R. A. (N. S.) 124; *Harrison v. Hartford Fire Insurance Co.*, 102 Iowa, 112, 71 N. W. 220, 47 L. R. A. 709; *Racke v. Anheuser-Busch Brewing Association*, 17 Tex. Civ. App. 167, 42 S. W. 774.

From the agreed statement of facts upon which this case was tried it is clear that the judgment of the superior court is not a bar to this action, and that the plaintiff is entitled to recover the amount sued for. No other judgment should be rendered, and hence the case should be reversed, with directions

to the trial court to set aside the former judgment herein, and render a judgment in favor of the plaintiff for the amount sued for. Section 5258, Revised Laws 1910; *Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger & Co.*, 8 Okla. 514, 58 Pac. 654.

The judgment of the trial court is reversed, and the trial court is hereby ordered and directed to set aside the former judgment rendered herein and render a judgment in favor of the plaintiff, for the sum of $165, with interest thereon at 10 per cent. from October 1, 1911, and cost of suit, not including an attorney's fee of $16.50.

By the Court: It is so ordered.