Pettingeul, P. J.
Action of contract to recover a deposit paid by the plaintiff to a broker acting for the defendant, a seller of real estate. The answer is a general denial and a further statement that the broker was the agent of both the plaintiff and the defendant and that the broker had never paid any of the money to the defendant.
There was a trial at which the defendant filed nine requests for rulings, hereinafter discussed.
*258 December 31, 1943 the trial judge made a finding of facts to the effect that there was an agreement in writing for the sale by the defendant, and the purchase by the plaintiff, of a parcel of real estate; that one provision of the agreement was that the plaintiff was to secure a mortgage, the amount not being stated, and was to be prepared to give a second mortgage to the seller, who was to turn over the property free from tenants, September 11, 1943; that the plaintiff paid a deposit of $200 to the broker; that the broker assured the plaintiff that he would look after the mortgage; that when September 11,1943 came, the defendant was unable to deliver the property free of tenants, that the plaintiff had no mortgage ready, and that the plaintiff subsequently notified the agent that he would not take the property.
The finding of facts concluded :
“I find that both parties were in default at the time of the performance and that in all fairness, the defendant should return the deposit. However, the plaintiff’s declaration contains only one count, alleging that the defendant was unable to perform but that the plaintiff was ready, able and willing to perform. On this declaration I cannot find otherwise than for the defendant. ’ ’
January 5,1944, the plaintiff filed a motion to amend his declaration and a motion to suspend judgment. These motions were heard, January 20,1944, and taken under advisement. January 24,1944, the motion to amend was allowed; the motion to suspend judgment was not passed upon. The trial judge filed a “Supplementary Decision” as follows:
“After filing of this original decision December 31, 1943, received by the parties through the mail on January 3, 1944, plaintiff on January 5th filed motions to suspend judgment and to amend the declaration. The amendment to the declaration set up a count for money had and received.
*259 .“On January 13th there was a hearing on the two motions which were taken under advisement.
“On January 14th, at 8:30 A. M., plaintiff filed a notice to the Clerk re taxation of costs.
“I rule that the case did not go to judgment on January 7th in view of the fact that time for filing a Claim for Report had not expired and that it has not gone to judgment since January 7th because of the filing of the notice to the Clerk.
“I allow the Motion to amend the Declaration. Defendant may have 3 days to file substitute requests for rulings if he so desires, at which time the Court will pass upon such substitute requests or the original requests and make a finding.”
January 28, 1944 the case was reopened for further evidence and there was a further trial, February 4, 1944. No further requests for rulings were filed. February 12, 1944, the trial judge filed a “Supplementary Decision No. 2” as follows:
“On the re-opening of the case plaintiff called as witness the real estate broker who testified that he had no contract for a commission with plaintiff and did not expect a commission from him. He testified that he arranged a mortgage for plaintiff at latter’s request without taking the matter up with defendant. He testified that he did not turn deposit of $200 over to defendant because defendant had told him it was to be his commission, and I so find. I also find that the broker was not the plaintiff’s agent, and that in dealing with plaintiff he did nothing behind defendant’s back which in any way injured defendant.”
Of the defendant’s nine requests the following dispositions were made by the trial judge.
“The defendant’s requests for rulings were disallowed as to Nos. 1-2-7-9 and as to Nos. 3-4-5-fi on the facts found and as to No. 8 as immaterial.”
The defendant as appellant claims to be aggrieved “by the rulings and refusals to rule as requested.” The only *260 issue raised by the report is whether there was error in the disposition of the defendant’s requested rulings.
The plaintiff sues to recover a deposit made on an uncompleted sale of real estate to be made by the defendant to the plaintiff. The money paid was delivered to the broker acting for the defendant. The trial judge found that the sale failed because the defendant was unable to make it in accordance with the agreement, not being able to transfer the property free of tenants as the agreement required. The plaintiff later informed the defendant’s agent that he would not take the property.
The inability of the defendant to perform his part of the contract entitled the plaintiff to his deposit.
‘ ‘ They were not obliged to tender performance or to make a formal offer of performance. The inability of the defendant to perform gave them a right to rescind * * *. The plaintiffs may recover their advance payment on the ground that the contract has ceased to be in effect, and that the money is held without consideration.” Burk v. Schreiber, 183 Mass. 35, at 36.
“Thus the deposit made on an agreement to purchase real estate may be recovered back on proof that the title is bad.....And the vendor cannot sue the vendee on the contract unless1 he has shown or offers to show a good title, if bound so to do.” Pickman v. Trinity Church, 123 Mass. 1, at 6.
“As the defendant could not perform the plaintiff could recover the deposit on count for money had and received. . . . The plaintiff was not obliged to tender performance. The defendants could not carry on the contract and the plaintiff had the right to rescind.” Leonard v. Wheeler, 261 Mass. 130, at 133.
See, also, Chatalian v. DiFusco, 244 Mass. 513, at 514.
The trial judge recognized this state of the law when he ruled that the plaintiff was excused from making a tender.
*261 But the defendant contends that the plaintiff cannot recover his money hack because the broker who represented the defendant, also represented the plaintiff in that he volunteered to “take care” of the mortgage the plaintiff was to give. In furtherance of this contention the defendant filed nine requests for rulings, as follows:
“1. On all .the evidence a finding is warranted that the broker, Fitzgerald, acted as such for the plaintiff without the knowledge or consent of defendant. 2. On all the evidence a finding is warranted that the plaintiff entered into an agreement with the broker Fitzgerald as part of the transaction wherein a payment of $200 was received from plaintiff by Fitzgerald in which arrangement said Fitzgerald acted as agent for plaintiff in respect of procuring part of the consideration for sale of defendant’s realty and without the knowledge of defendant as to procuring part of said consideration as agent for plaintiff. 3. Any undertaking by Fitzgerald to act for both plaintiff and defendant without knowledge and consent of defendant in respect of sale of defendant’s realty is contrary to public policy and renders Fitzgerald’s employment by defendant void. 4. The defendant is not bound by any act of Fitzgerald in respect of a sale of defendant’s realty if said Fitzgerald was simultaneously acting for plaintiff in respect of said sale or any element thereof without the knowledge or assent of defendant. 5. It is a breach of duty on the part of Fitzgerald to defendant to act for plaintiff in respect of sale and conveyance of defendant’s realty without full disclosure to defendant of employment of Fitzgerald by plaintiff. 6. Any act by Fitzgerald to effectuate the sale and conveyance of defendant’s realty to plaintiff done by Fitzgerald on behalf of plaintiff in whole or part, terminated Fitzgerald’s agency for defendant and terminated any authority granted Fitzgerald as agent of defendant. 7. Any act by Fitzgerald done to procure a mortgage for plaintiff without defendant’s knowledge and consent defeated Fitzgerald’s right to act as agent for defendant in sale and conveyance of defendant’s realty. 8. A finding is warranted that as of *262 date of payment to Fitzgerald of $200' plaintiff entered into an arrangement with Fitzgerald to employ the latter as agent in procuring a mortgage on realty of defendant the subject matter of sale and that such arrangement was then unknown and thereafter not ratified by defendant. 9. The evidence warrants a finding that $200 paid Fitzgerald by plaintiff in whole or part was payment to Fitzgerald for the latter’s services in procuring a first mortgage for plaintiff on realty described in agreement dated June 11, 1943.”
The trial judge disallowed requests 1, 2, 7 and 9; disallowed requests 3, 4, 5 and 6, on the facts found; and disallowed request 8 as immaterial.
In these dispositions the trial judge committed no error. There would have been no error if he had denied them all as immaterial.
The action is between the purchaser and the seller. The purchaser’s right of recovery is based upon the theory that owing to the defendant’s inability to comply with the agreement there was no contract and that the plaintiff’s money was held without-consideration. Burk v. Schreiber, supra. The principle of law which the defendant is endeavoring to apply 'to the facts is that a broker who serves both vendor and vendee cannot recover a commission unless the employer sued consents to the double employment. On examination of the cases, cited by the defendant, and others examined dealing with the same matter, shows that in each case studied, the plaintiff is a broker suing for a commission. Farnsworth v. Hemmer, 1 Allen 494. Walker v. Osgood, 98 Mass. 348. Rice v. Wood, 113 Mass. 133. Follansbee v. Reilly, 135 Mass. 80. Thwing v. Clifford, 136 Mass. 482. Barton v. Powers, 182 Mass. 467. Burr v. Beacon Trust Co., 188 Mass. 131. Quinn v. Benton, 195 Mass. 277. Sullivan v. Tufts, 203 Mass. 155. Ebert v. Haskell, 217 Mass. 209.
*263 In none of the cases on which the defendant relies is there any application of the legal principle that employment of a broker by both seller and .purchaser without the consent of the parties, destroys the right of a seller to recover a commission paid on account of an agreement to buy and sell real estate which the séller is unable to perform. Money had and received is a count in an action but is governed by equitable principles. Claflin v. Godfrey, 21 Pick. 1, at 6. Sherman v. Werby, 280 Mass. 157. It would not be equitable for the receiver of a deposit on such a contract as is here, which he cannot perform, to defend on the ground that the broker who negotiated the transfer was guilty of dealing with both parties in a detail which had nothing to do with the defendant’s inability to perform; it would be highly inequitable to recognize as a further defence the ground that the defendant is not liable because he gave the deposit to the broker upon whose double dealing the defences were based.
The broker, moreover, is not a party to this action. The issue is the right of the plaintiff, the purchaser, to recover the deposit made on a contract which has ceased to be of effect. The right of the broker to recover a commission is wholly collateral and inapplicable to the actual issue. The requests filed were entirely immaterial to the issue before the court.
No prejudicial error appearing, the report is to be dismissed.